Lovee D. Sarenas (SBN 204361)
lovee.sarenas@dinsmore.com
Jonathan Serrano (SBN 333225)
jonathan.serrano@dinsmore.com
DINSMORE & SHOHL, LLP
550 Hope Street, Suite 1765
Los Angeles, CA  90071
Telephone: (213) 335-7737

Counsel to Peter J. Mastan, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re: | Case No.: 2:23-bk-11789-BR |
|---|---|
| HAWTHORNE HANGAR OPERATIONS, L.P., | Chapter 7 |
| Debtor. | **NOTICE AND SUBMISSION OF THE SETTLEMENT AND MUTUAL RELEASE AGREEMENT BETWEEN THE TRUSTEE AND THE WEHRLY PARTIES IN SUPPORT OF THE TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING THE SALE OF REAL PROPERTY [ECF No. 159]** |

Date:     August 29, 2023
Time:     10:00 a.m.
Judge:    Hon. Barry Russell
Place:    Courtroom 1668
           255 East Temple Street
           Los Angeles, Ca 90012

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, ALL CREDITORS, AND PARTIES IN INTEREST:**

NOTICE IS HEREBY GIVEN THAT Peter J. Mastan, in his capacity as the duly-appointed chapter 7 trustee (the "Trustee"), of the bankruptcy estate (the "Estate") of the debtor Hawthorne Hangar Operations, L.P. (the "Debtor"), has entered into a Settlement and Mutual Release Agreement ("Settlement Agreement") with David Wehrly, Robert Frerichs, Gregory L. Geiser, Levi Stockton, and Darin Puhl (collectively, the "Wehrly Parties") that fully resolved the

1

disputes raised in David Wehrly's opposition  ("Wehrly Opposition") to the Trustee's *Motion for the Entry of an Order: (A) Approving Sale of Real Property to 3507 JNA, LLC Free and Clear of All Liens, Claims, and Interests; (B) Determining That the Buyer is a Good Faith Purchaser Under 11 U.S.C. § 363(m); (C) Approving the Assumption and Assignment of Executory Contracts, Unexpired Leases and Other Contracts; and (D) Granting Related Relief* [ECF No. 159] ("Sale Motion").  The Sale Motion was heard on August 29, 2023 before the United States Bankruptcy Court ("Court"), the Hon. Barry Russell, United States Bankruptcy Judge, presiding ("Sale Hearing").

The Court, having reviewed and considered the Settlement Agreement, the salient terms of which were stated on the record, and having heard arguments from counsel, approved the Settlement Agreement and granted the Sale Motion at the Sale Hearing.

A true and correct copy of the fully executed Settlement Agreement is attached to this Notice as **Exhibit 1** and is hereby submitted to the Court in connection with the proposed *Order Granting Trustee's Motion for the Entry of an Order: (A) Approving Sale of Real Property to 3507 JNA LLC Free and Clear of All Liens, Claims, and Interests; (B) Determining that the Buyer is a Good Faith Purchaser Under 11 U.S.C. § 363(M); (C) Approving the Assumption and Assignment of Executory Contracts, Unexpired Leases and Other Contracts; and (D) Granting Related Relief* ("Proposed Sale Order") that was lodged with the Court on August 29, 2023.

Dated: August 30, 2023

**DINSMORE & SHOHL LLP**

By: /s/ Lovee D. Sarenas
    Lovee D. Sarenas
    Counsel to Peter J. Mastan, Chapter 7 Trustee

2

23978115.1

# EXHIBIT 1

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement ("Agreement") is entered into as of August 29, 2023 ("Execution Date"), by Peter Mastan, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate ("Estate") of Hawthorne Hangar Operations L.P. ("Debtor" and "HHO"), on the one hand, and David Wehrly, Robert Frerichs, Gregory L. Geiser, Levi Stockton, and Darin Puhl (collectively, the "Wehrly Parties"), on the other hand.  The Trustee and the Wehrly Parties are each a "Party" and collectively, referred to as the "Parties".

## RECITALS

This Agreement is made with reference to the following facts:

A.      On March 26, 2023 ("Petition Date"), HHO filed a voluntary petition for bankruptcy under Chapter 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, which was assigned Case No. 2:23-bk-11789-BR ("Case") before the Honorable Barry Russell, United States Bankruptcy Judge.

B.      On May 2, 2023 (the "Conversion Date"), the Court entered its *Order Converting Case from Chapter 11 to Chapter 7* [ECF No. 75] (the "Conversion Order"), converting the Case from chapter 11 to one under chapter 7. Thereafter, on May 4, 2023, Peter Mastan accepted his appointment as Trustee of the Estate [ECF No. 79].

C.      On August 4, 2023, Wehrly filed a timely proof of claim ("Claim 9") on account of his Judgment Lien asserting, among other things, a secured claim in the sum of $1,617,222.30 (arising from a Binding Arbitration Award ("Arbitration Award") entered on February 9, 2021) ("Wehrly Secured Claim"), and an unsecured claim of $679,239.23 ("Wehrly Unsecured Claim") (collectively, Wehrly Secured Claim and Wehrly Unsecured Claim, the "Wehrly Claim").

D.      Following the Arbitration Award, the Superior Court of California, County of Los Angeles, confirmed the entire Arbitration Award and entered a judgment confirming the Arbitration Award and granting Wehrly a money judgment and declaratory relief requiring HHO to comply with certain contractual provisions ("Judgment"). The Judgment is on appeal.

E.      Wehrly recorded an Abstract of Judgment dated June 1, 2022 as Instrument No. 20220583044 pursuant to the Judgment in the amount of $1,200,439.73 ("Judgment Lien").

F.      On August 8, 2023, the Trustee filed a *Motion for the Entry of an Order: (A) Approving Sale of Real Property to 3507 JNA, LLC Free and Clear of All Liens, Claims, and Interests; (B) Determining That the Buyer is a Good Faith Purchaser Under 11 U.S.C. § 363(m); (C) Approving the Assumption and Assignment of Executory Contracts, Unexpired Leases and Other Contracts; and (D) Granting Related Relief* [ECF No. 159] and all other documents and evidence in support

1

thereof ("Motion") seeking, among other thing, approval of the sale ("Sale") of the bankruptcy estate's ("Estate") rights, and title, and interest in and to the real property generally described as 3507 Jack Northrop Avenue, Hawthorne, CA 90250 and improvements thereon ("Real Property"), and other assets of the Estate (collectively, the "Property") that are more particularly described in that Agreement of Purchase and Sale dated July 12, 2023 between the Trustee, as seller, and 3507 JNA LLC, a Delaware limited liability company, as buyer ("3507 JNA" or the "Buyer") or to the highest or otherwise best bidder at the Auction ("Successful Bidder"), free and clear of all interests, claims, liens or encumbrances pursuant to 11 U.S.C. § 363(f). Trustee further filed, on August 11, 2023, an Update and Clarification in Connection with Motion for Order (1) Approving Sale of Property Free and Clear of Liens, Claims, Encumbrances and Interests; and (2) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and Other Agreements [ECF No. 179] ("Clarification," and together with the Motion, the "Sale Motion").

G.      On August 1, 2023, Wehrly filed an Opposition to the Trustee's Sale Motion ("Opposition") [ECF No 183] which, among other things, provided (i) the Wehrly Secured Claim shall attach to the sale proceeds in the same, extent, amount and priority as it existed prior to the sale; (ii) proceeds sufficient to pay 100% of the Wehrly Secured Claim must be placed in an interest-bearing, segregated account directly from escrow at the Closing; (iii) the proceeds in para. (ii) above shall be disbursed by the Trustee Wehrly within 5 days after issuance of the Remittitur by the Court of Appeals affirming the Judgment entered by the trial court (if affirmed)(and not otherwise disturbed absent a subsequent order of this Bankruptcy Court; and (iv) there shall be no ruling by the Bankruptcy Court over any purported interest or claim of Wehrly restricting the sale of fuel on the Real Property arising from those certain paragraphs 10.4 and 13.14 of the Purchase and Sale Agreement between Hawthorne Hangar Operations, L.P. with MS Kearny Northrop Avenue, LLC for the purchase of the Real Property and paragraph 10.2 of that certain Partnership Interest Purchase Agreement dated April 24, 2014 (collectively, "Fuel Sale Restriction").

H.      The Trustee filed a Reply to the Opposition on August 22, 2023 ("Reply") disputing the assertions filed in the Opposition.

I.      On or about August 24, 2023, Trustee's counsel, on behalf of the Trustee, served upon Wehrly a proposed *Motion Requesting an Award of Sanctions Against David Wehrly Pursuant to Federal Rule of Bankruptcy Procedure 9011 or An Award For Attorneys Fees And Costs Pursuant To 11 U.S.C. § 105* pursuant to Federal Rule of Bankruptcy Procedure 9011(c)(1)(A) requesting that Wehrly withdraw the Opposition to the Sale Motion. Wehrly disputes the relief sought in that motion in its entirety.

J.      Following negotiations and subject to the approval of the Bankruptcy Court Wehrly and the Trustee, on behalf of the Estate, have reached a settlement resolving all of their disputes and claims against the other relating to the Sale, the Case, and including but not limited to the issues with respect to the Wehrly Claim and the Fuel Sale Restriction, the Judgment and the Judicial Lien.

NOW THEREFORE, in consideration of the foregoing facts and the mutual covenants, conditions, promises and agreements contained herein, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.      **Recitals.**  The foregoing Recitals are incorporated herein by such reference and made a part of this Agreement.

2.      **Bankruptcy Court Approval and Effective Date.**  This Agreement is subject to the approval of the United States Bankruptcy Court for the Central District of California, Los Angeles Division, ("Bankruptcy Court") having jurisdiction over the Chapter 7 case.  This Agreement shall be effective ("Effective Date") upon the Bankruptcy Court's entry of a final order approving this Agreement ("Approval Order") and authorizing escrow to pay Wehrly's Allowed Claim at the close of Sale through and directly from escrow as may be provided for in the Sale Order or a separate order entered by the Bankruptcy Court. The Parties shall cooperate and take all reasonable and appropriate actions to seek and obtain the entry of the Approval Order.  To the extent required by the Bankruptcy Court, Trustee shall file no later than August 30, 2023 a motion seeking Bankruptcy Court approval of this Agreement, and to the extent necessary or required by the Bankruptcy Court, the Trustee shall request authorization from the Bankruptcy Court for a hearing on shortened time for the motion to be heard as soon as possible and prior to the Closing of the Sale.  The Wehrly Parties, their affiliate entities, or persons under their direction and control shall not take any action that would impede the Trustee's ability to obtain Bankruptcy Court approval of the Agreement.  In the event that the Bankruptcy Court does not approve this Agreement, the obligations and releases herein are null and void and of no force or effect.

3.      **Allowance of Claim.**  On the Effective Date, Wehrly shall be allowed a secured claim against the Estate in the amount of One Million Five Hundred Twenty Five Thousand and Zero Cents ($1,525,000.00) ("Wehrly Allowed Claim") which shall be paid in one lump sum through escrow and the closing of the Sale of the Real Property in the order of priority among liens against the Real Property in full and final satisfaction of all of Wehrly's claims against the Estate including the Wehrly Claim asserted in Claim 9. Notwithstanding anything stated herein below or above, in the event that the Sale or escrow does not close within 30 days after the entry of the Sale Order or as extended by agreement between the buyer ("Buyer") and the Trustee but, in no event, later than October 25, 2023, and the Wehrly Allowed Claim is not paid, then this Agreement shall be of no force and effect and the Parties' rights shall revert to those that they had as of the Execution Date, prior to entry into this Agreement except as otherwise set forth in paragraph 4(b) below.

4.      **Withdrawal of the Opposition, Filing of Pleading to Approve this Agreement, and No Objection to Sale Order**.  **4**(a) Upon the full execution of this Agreement by the Parties, and receipt of the fully executed Agreement by counsel for the

3

Parties:  (i) Wehrly is deemed to have withdrawn the Opposition to the Sale Motion with prejudice; and (ii) Wehrly shall file a Withdrawal of the Opposition on or before August 30, 2023.  The Wehrly Parties hereby agree and covenant that the Wehrly Parties shall not (i) object to the entry of the Trustee's proposed Sale Order and any Findings of Fact and Conclusions of Law integrated in the Sale Order or entered separately by Bankruptcy Court that the Court may deem necessary or appropriate to grant the Sale Motion and approve the Sale and related transaction therein including findings of a good faith purchaser under Bankruptcy Code 363(m) and waiver of the stay provisions under Rules 6004, 6006, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, that do not conflict and are consistent with the terms and provisions of this Agreement; and (ii) file an appeal of the entered Sale Order and any Findings of Fact and Conclusions of Law that are consistent with the terms and provisions of this Agreement.

**4(b)** Grand Pacific shall be a beneficiary of the Sale Order and any Findings of Fact and Conclusions of Law integrated in the Sale Order or entered separately by Bankruptcy Court that are binding on the Wehrly Parties and enforceable by Grand Pacific if the Sale does not close and Grand Pacific is not paid.

5.      **Covenant Not to Interfere with the Sale and Not to Sue; and No Equitable Servitude.**  The Wehrly Parties hereby agree and covenant that, in addition to the provision of Paragraph 4, neither the Wehrly Parties nor persons and affiliates under the Wehrly Parties' direction and control shall do any of the following:

a.   assert or attempt to enforce against the Estate or any Buyer at the Sale, any interest, claim and/or right for equitable servitude or a restrictive covenant on the Real Property arising from, or related to, the Fuel Sale Restriction;

b.   in any way, interfere with, object to, or challenge the Trustee's, or the Buyer's, efforts (i) to conduct an auction of the Real Property in connection with the Sale; (ii) to seek approval from the Bankruptcy Court of the Sale Motion and the entry of the Sale Order; (iii) to perform and close the Sale and the transactions relating thereto including, without limitation, the assumption and assignment of the Estate's right, title and interest in and to the "Through The Fence Agreement" with the City of Hawthorne dated November 16, 2009 ("T.T.F. Agreement") and the Concession Agreement for Aviation Fueling Operations at the Hawthorne Municipal Airport dated April 11, 2017 with the City of Hawthorne ("Fueling Agreement"), and (iv) in connection with the process by which the Buyer obtains approval from City Of Hawthorne and the Federal Aviation Authority of the assumption and assignment to buyer or successful bidder of the T.T.F. Agreement and the Fueling Agreement; and

c.   assert any claim or interest or commence any and all actions against the successful buyer at Sale arising in, relating to, or in connection with the Fuel Sale Restriction or otherwise.

4

Anything to the contrary notwithstanding, and upon the Trustee's closing of the Sale, the Wehrly Parties represent and warrant that Paragraph 10.4 of that certain Purchase and Sale Agreement between Hawthorne Hangar Operations, L.P. with MS Kearny Northrop Avenue, LLC for the purchase of the Real Property and paragraph 10.2 of that certain Partnership Interest Purchase Agreement dated April 24, 2014 do not create an equitable servitude against the land, are not covenants that run with the land, are otherwise avoidable by the Trustee under Section 544 of United States Bankruptcy Code.

Notwithstanding anything stated above in paragraph 5, the Wehrly Parties shall retain any and all rights, claims and interests to bring any action and claims against the Wolfe Trust for damages arising out of the Wolfe Trust and HHO's pumping of fuel after the Arbitration and before the Petition Date.

6.     **Quit Claim Deed.**  Upon Bankruptcy Court approval of this Agreement, but in no event later than September 12, 2023, the Wehrly Parties shall each deliver to the Trustee a properly executed Quit Claim Deed transferring all of their purported interest in the Real Property including the Fuel Sale Restriction to the Trustee on or before Closing and upon the Bankruptcy Court's approval of this Agreement.  The Quit Claim Deed shall not be recorded until the escrow holder has funds equal to the Wehrly Allowed Claim and to be paid at the close of escrow.  Trustee shall provide the escrow holder an irrevocable instruction to pay the Wehrly Allowed Claim.

7.     **No Inconsistent Action.** No Party will take any action inconsistent with this Agreement at any time, including, but not limited to, prior to the entry of the order approving this Agreement, after the Effective Date, or prior to the close of the Sale.

8.     **Dismissal of HHO as a Party to the Appeal.**  The Parties shall file with the appellate court an executed stipulation dismissing or withdrawing HHO as party to the appeal against Wehrly that is currently pending before the California Court of Appeal - Second Appellate District (Case No. B321452), with prejudice within seven (7) business days of the Closing of the Sale.

9.     **Mutual Releases.**

a.     **Trustee and Estate's Release.**  Except for the obligations due hereunder and as otherwise set forth in this Agreement, and only upon Closing and the entry of the Approval Order, the Trustee, himself and on behalf of the Estate including his professionals, agree to and does release and waive any and all claims, obligations, demands, rights, judgments, causes of action, lawsuits, and liabilities of any kind, nature, or amount, whether in law or equity, whether known or unknown, anticipated or unanticipated, present or contingent, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, including but not limited to compensatory damages, statutory damages, liquidated damages, exemplary damages, equitable relief, punitive damages, costs, expenses and attorneys' fees that the Estate now owns or holds (or at any time heretofore owned or held) against Wehrly and his agents, heirs, executors, successors, assigns, parents, subsidiaries, affiliates, partners, stockholders, shareholders, officers, directors, members, managers, representatives, clients, employees, independent

5

contractors, and attorneys (but only to the extent acting in this capacity) including the rest of the Wehrly Parties (collectively, the "Wehrly Parties Released"), including but not limited to those claims arising from or relating, in any way, to the Fuel Sale Restriction, the Trustee's sale of the Real Property, and/or the Case.

**b.**     **The Wehrly Parties' Release.**  Except for the obligations due hereunder and as otherwise set forth in this Agreement, and only upon Closing and the entry of the Approval Order, the Wehrly Parties agree to and do release and waive any and all claims, obligations, demands, rights, judgments, causes of action, lawsuits, and liabilities of any kind, nature, or amount, whether in law or equity, whether known or unknown, anticipated or unanticipated, present or contingent, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, including but not limited to compensatory damages, statutory damages, liquidated damages, exemplary damages, equitable relief, punitive damages, costs, expenses and attorneys' fees that the Wehrly Parties now own or hold (or at any time heretofore owned or held) against the Trustee and his successors, assigns, agents, representatives, clients, employees, independent contractors and/or attorneys and the Estate and its successors, assigns, representative, attorneys and professionals employed and agents, (but only to the extent acting in this capacity) including those claims arising from or relating in any way to the Wehrly Allowed Claim, Judgment, Judgment Lien, and the Wehrly Parties' purported interests arising from and relating to the Fuel Sale Restriction excluding, however, Dan Wolfe as Trustee of the Wolfe Family Trust of 1992.

**c.**     **California Civil Code § 1542 Waiver.**  Except as otherwise provided in this Agreement, it is the intention of the Parties granting a release under this Agreement that once the releases are effective, this Agreement shall be effective as a bar to each and every claim, demand, and cause of action that the Trustee, on behalf of himself  or on behalf of the Estate, have against the Wehrly Parties and each and every claim, demand, and cause of action that the Wehrly Parties have against the Trustee, on behalf of the Estate, the Buyer at the sale, and the Estate. In furtherance of this intention, the Parties hereby expressly waive any and all benefits or rights conferred by the provisions of Section 1542 of the California Civil Code, or any similar provision of California law, federal law, or the law of any other state now in effect or in effect in the future. The Parties hereby expressly consent that this Agreement shall be given full force and effect according to each and all of its express terms and conditions, including those related to unknown and unsuspected claims, demands, and causes of action, if any, as well as those relating to any other claims, demands, and causes of action specified above. Section 1542 of the California Civil Code provides as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

6

The above releases do not affect any rights or obligations by and on behalf of the Parties to this Agreement arising from or relating to their rights under this Agreement. The above release does not affect the Wehrly Parties' claims against Dan Wolfe as Trustee of the Wolfe Family Trust of 1992.

10.     **Authority to Execute Agreement.**  Each Party warrants and represents to the other that the individual persons executing this Agreement are duly authorized to execute this Agreement on behalf of the respective Parties and in their respective capacities as indicated below, provided however that the Trustee's execution of this Agreement is specifically subject to the approval of the Bankruptcy Court as provided for herein. The Trustee and the Wehrly Parties further warrant and represent, one to the other, that they have not heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims and causes of action disposed of by this Agreement.

11.     **Legal Representations.** The Trustee and The Wehrly Parties each represents and agrees that: (a) each of the Parties has obtained and/or had the opportunity to obtain independent legal advice with respect to this Agreement, the subject matter of this Agreement, the facts referred to above, and any rights or asserted rights arising therefrom; (b) each of the Parties has full knowledge of any and all rights which they may have in connection with the Agreement, the subject matter of the Agreement, and the facts relating to the Agreement; (c) none of the Parties are relying upon and have not relied upon any representation or statement made by any of the Parties or their counsel, with regard to the matters herein compromised or with regard to any rights or asserted rights in connection therewith; and (d) each of the Parties hereby assumes the risk of any mistakes of fact in connection with the true facts involved in this Agreement or with regard to any facts which are now unknown to it relating thereto.

12.     **Voluntary Agreement.** Each of the Parties warrants, represents and agrees that, prior to executing and delivering this Agreement, each Party has read this Agreement, has conferred with counsel of its choice regarding the terms and conditions set forth in this Agreement, and the legal significance of the terms and conditions contained in this Agreement, and is fully aware of the contents of this Agreement and its legal effect.  Each of the Parties further represents and warrants that it has executed and delivered this Agreement voluntarily and without any duress or undue influence having been exerted upon it by any person whomsoever.

13.     **Compromise.** Each of the Parties acknowledges that in executing this Agreement, paying or accepting funds, making or accepting delivery of funds or documents, or acting pursuant to this Agreement, none of the Parties is admitting any liability whatsoever to any of the other Parties or to any other person or entity.

14.     **Further Assurance.**  Each of the Parties hereto shall, from time to time, at the request of the other party, execute and deliver to the other party, such documents or other instruments of transfer, conveyance and assignment including any Quit Claim Deed or Satisfaction of Judgment and release of the Judgment Lien; shall provide such information and/or documents; and/or shall take such other action as may be reasonably

7

required to carry out the terms of this Agreement. The Parties hereto agree to do, execute, acknowledge and deliver (or cause to be done, executed, acknowledged and delivered) each and every such further act, covenant, assurance, instrument or document, and take any other actions, as may be reasonably necessary to further the purposes of or to carry out the intent and purpose of this Agreement.

**15.** **Breach of the Agreement.** It is expressly understood and agreed by each of the Parties that nothing provided for in this Agreement is intended to nor does it release an y claims arising out of breach of this Agreement, or any representations contained herein or made in connection herewith. All representations, warranties and covenants herein shall survive the execution of this Agreement.

**16.** **Governing Law.** This Agreement and the rights and obligations of the Parties hereunder shall be construed, interpreted and enforced in accordance with the laws of the State of California.

**17.** **Bankruptcy Court Jurisdiction.** The parties hereto agree that the Bankruptcy Court shall have exclusive jurisdiction over all disputes and other matters relating to the interpretation and enforcement of this Agreement and that said jurisdiction is hereby deemed to be "core" jurisdiction of the Bankruptcy Court; and, in the event of any dispute before the Bankruptcy Court, the parties hereto agree and consent to the entry of findings and a final order and judgment by the Bankruptcy Court; provided, however, that if the Bankruptcy Court abstains from exercising, or declines to exercise jurisdiction with respect to any such action: (A) such abstention or refusal shall have no effect upon, and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such action, and (B) the parties hereto expressly agree that any disputes between such parties shall be submitted to the United States District Court for the Central District of California.

**18.** **Counterparts.** This Agreement may be executed in multiple counterpart copies, each of which shall be deemed an original, but all of which together shall constitute one agreement. The Agreement shall become effective when each party has obtained a fully executed counterpart original of this Agreement and the other agreements referred to herein.

**19.** **Severability.** In the event that any covenant, condition or other provision c ontained in this Agreement is held to be invalid, void or illegal by any court of competent j urisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision contained herein, so long as such severance does not materially affect the consideration given or received herein or the general intent hereof. If such condition, covenant or other provision shall be deemed invalid due to its scope or breadth, such covenant, condition or other provision shall be deemed valid to the extent that the scope or breadth is permitted by law.

8

20.     **Waiver**. No breach of any provision herein can be waived unless in writing. Waiver of any one breach of any provision hereof shall not be deemed to be waiver of any other breach of the same or the other provision hereof.

21.     **Integration**. This Agreement sets forth the entire agreement between the Parties with regard to the subject matter hereof and no change, modification, amendment, termination or discharge of this Agreement shall be binding unless made in writing and executed by each of the Parties. All agreements, covenants, representations and warranties, express or implied, oral and written, of the Parties with regard to the subject matter hereof, are contained in this Agreement and the documents referred to herein or implementing the provisions hereof. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party to another party with respect to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants and warranties with respect to the subject matter hereof are waived, merged herein, and superseded hereby and thereby. This is an integrated agreement.

22.     **Notices**.  All notices or other communications required or permitted hereunder shall be in writing, and shall be personally delivered or delivered by overnight courier, for the next Business Day delivery and shall be deemed received (i) if personally delivered, on the date of delivery, or (ii) if delivered by overnight courier, the next Business Day.

      i.     To the Trustee: Copies of all notices and the delivery of any payments contemplated hereunder to the Trustee shall be made by delivering same to the Trustee's counsel,

Lovee Sarenas
Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, CA 90071

      ii.     To the Wehrly Parties: Any notices to be delivered to Wehrly under this Agreement shall be made by delivering same to Wehrly's counsel:

Craig G. Margulies
Margulies Faith LLP
16030 Ventura Boulevard, Suite 470
Encino, CA 91436

AND

Frank Sandelmann
Beach Cities Law Group, Inc.
324 Manhattan Beach Blvd., Suite 201

9

Manhattan Beach, CA 90266

Notice of change of address shall be in writing and made in the manner detailed in this Section. Rejection or other refusal to accept delivery shall be deemed to constitute receipt of the notice, demand, request or communication sent.

[SIGNATURES CONTINUED ON NEXT PAGE]

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement to be effective as of the date set forth above.

DATED: August __, 2023

_____
PETER J. MASTAN
Solely in his capacity as Chapter 7 Trustee
for the estate of Hawthorne Hangar Operations, L.P.

DATED: August __, 2023

THE WEHRLY PARTIES

DATED: August 29, 2023

_____
DAVID WEHRLY

DATED: August __, 2023

_____
ROBERT FRERICHS

DATED: August 29, 2023

_____
GREGORY L. GEISER

DATED: August __, 2023

_____
LEVI STOCKTON

DATED: August 29, 2023

_____
DARIN PUHL

11

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement to be effective as of the date set forth above.


DATED: August __, 2023          _____
                                PETER J. MASTAN
                                Solely in his capacity as Chapter 7 Trustee
                                for the estate of Hawthorne Hangar Operations, L.P.



DATED: August __, 2023          THE WEHRLY PARTIES



DATED: August __, 2023          _____
                                DAVID WEHRLY



DATED: August __, 2023          _____.
                                ROBERT FRERICHS



DATED: August __, 2023          _____
                                GREGORY L. GEISER



DATED: August 29, 2023          _____
                                LEVI STOCKTON



DATED: August __, 2023          _____
                                DARIN PUHL

11

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement to be effective as of the date set forth above.

DATED: August 29, 2023

_____
PETER J. MASTAN
Solely in his capacity as Chapter 7 Trustee
for the estate of Hawthorne Hangar Operations, L.P.

DATED: August __, 2023          THE WEHRLY PARTIES

DATED: August 29, 2023

_____
DAVID WEHRLY

DATED: August __, 2023

_____
ROBERT FRERICHS

DATED: August 29, 2023

_____
GREGORY L. GEISER

DATED: August __, 2023

_____
LEVI STOCKTON

DATED: August 29, 2023

_____
DARIN PUHL

11

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement to be effective as of the date set forth above.


DATED: August __, 2023

_____
PETER J. MASTAN
Solely in his capacity as Chapter 7 Trustee
for the estate of Hawthorne Hangar Operations, L.P.



DATED: August __, 2023          THE WEHRLY PARTIES


DATED: August __, 2023

_____
DAVID WEHRLY

DATED: August 29, 2023

_____
ROBERT FRERICHS


DATED: August __, 2023

_____
GREGORY L. GEISER


DATED: August __, 2023

_____
LEVI STOCKTON


DATED: August __, 2023

_____
DARIN PUHL

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the documents entitled (*specify*): **[List each document here]** ("Sale Documents") will be served or were served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the ("Sale Motion Documents") will be served by the court via NEF and hyperlink to the document. On **August 30, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **August 30, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing true and correct copies of the Sale Motion Documents in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the documents are filed.

☒  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 30, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the Sale Motion Documents are filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 30, 2023 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

3

23978115.1

**In re Hawthorne Hangar Operations, L.P.**
**U.S.B.C., Central District of California, Los Angeles**
**Case No. 2:23-bk-11789-BR**

1. **SERVED ELECTRONICALLY VIA NEF:**

Richard T Baum on behalf of Attorney Richard T. Baum
rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com

Samuel Mushegh Boyamian on behalf of Creditor David Wehrly
samuel@marguliesfaithlaw.com, angela@marguliesfaithlaw.com,
helen@marguliesfaithlaw.com, vicky@marguliesfaithlaw.com

Samuel Mushegh Boyamian on behalf of Interested Party Courtesy NEF
samuel@marguliesfaithlaw.com, angela@marguliesfaithlaw.com,
helen@marguliesfaithlaw.com, vicky@marguliesfaithlaw.com

Jess R Bressi on behalf of Creditor Grand Pacific Financing Corporation
jess.bressi@dentons.com, kimberly.sigismondo@dentons.com

Rosendo Gonzalez on behalf of Debtor Hawthorne Hangar Operations, L.P.
rossgonzalez@gonzalezplc.com, rgonzalez@ecf.axosfs.com; jzavala@gonzalezplc.com;
zig@gonzalezplc.com; gig@gonzalezplc.com

Mary E Gram on behalf of Creditor Mary E. Gram Attorney Inc.
marygramlaw@gmail.com

Craig G Margulies on behalf of Creditor David Wehrly
Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;
Helen@MarguliesFaithlaw.com; Angela@MarguliesFaithlaw.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

Peter J Mastan (TR)
pmastan@iq7technology.com; travis.terry@dinsmore.com; ecf.alert+Mastan@titlexi.com

David M Parker on behalf of Creditor Grand Pacific Financing Corporation
dparker@ParkerRiggs.com, slawless@ParkerRiggs.com

Lovee D Sarenas on behalf of Trustee Peter J Mastan (TR)
lovee.sarenas@dinsmore.com, katrice.ortiz@dinsmore.com

James R Selth on behalf of Creditor Steinberg Law
jselth@wztslaw.com, jselth@yahoo.com; maraki@wztslaw.com; sfritz@wztslaw.com

Jonathan Serrano on behalf of Trustee Peter J Mastan (TR)
jonathan.serrano@dinsmore.com

Evan L Smith on behalf of Creditor Messina & Hankin LLP
els@elsmithlaw.com

Keven Steinberg on behalf of Interested Party Courtesy NEF
keven@kevensteinberglaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

2. **SERVED BY MAIL**:

**Debtor:**
Hawthorne Hangar Operations, L.P.

23978115.1

909 East Green Street
Pasadena, CA 91106-2906

**Interested Parties**

David Wehrly
319 Main St
El Segundo, CA 90245-3814

Gregory L. Geiser
c/o David Wehrly
2015 Manhattan Beach Boulevard
Suite 100
Redondo Beach, CA 90278

David Wehrly
2015 Manhattan Beach Boulevard
Suite 100
Redondo Beach, CA 90278

Darin Puhl
c/o David Wehrly
2015 Manhattan Beach Boulevard
Suite 100
Redondo Beach, CA 90278

Dan Wolfe
390 Patrician Way
Pasadena, CA 91105-1028

Wolfe Family Trust
Dan Wolfe Trustee
125 N. Raymond Ave Unit 413
Pasadena, CA 91103-4537

**Creditors**

IRS
P.O. Box 7346
Philadelphia, PA 19101-7346

Franchise Tax Board
P.O. Box 2952
Sacramento, CA 95812-2952

IRS
24000 Avila Road
Mail Stop 5916
Laguna Niguel, CA 92677

Ernest J. Franceschi, Jr.
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401

Internal Revenue Service
Centralized Insolvency Operations
PO BOX 7346
Philadelphia, PA 19101-7346

Steinberg Law
c/o Kevin Steinberg
16133 Ventura Blvd., 7th Floor
Encino, CA 91436

Los Angeles County Treasurer and
Tax Collector
Attn: Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90054-0110

Steinberg Law
c/o Michael McCarthy, Esq.
16255 Ventura Blvd #300
Encino, CA 91436-2300

Tait Environmental Services, Inc.
701 N. Parkcenter Drive
Santa Ana, CA 92705-3541

Steinberg Law
13412 Ventura Blvd Ste 380
Sherman Oaks, CA 91423-3965

Tait & Associates
701 N. Parkcenter Drive
Santa Ana, CA 92705-3541

First Insurance Funding
PO Box 7000
Carol Stream, IL 60197-7000

Capital One N.A.
By American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

Amy Warren
2417 1/2 248th St
Lomita, CA 90717-1514

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento. CA 95812-2952

Los Angeles County
P.O. Box 54018
Los Angeles, CA 90054

Office of Finance City of Los
Angeles

5

23978115.1

200 N Springs ST RM 101
City Hall
Los Angeles CA 90012-3224

AT&T
c/o Bankruptcy
P.O. Box 5025
Carol Stream, IL 60197-5025

AT&T
PO Box 5019
Carol Stream, IL 60197-5019

Andre L. Sullens
3743 W 119th St
Hawthorne, CA 90250-3217

Bassco Services, Inc.
9219 Viscount Row
Dallas, TX 75247-5415

Cesar E. De Leon
1459 W 151st St
Gardena, CA 90247

Dan Wolfe
390 Patrician Way
Pasadena, CA 91105-1028

Employment Development Dept
P.O. Box 826880 Mic 28
Sacramento, CA 94280-0001
Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Fleet Unlimited, Inc.
125 N Raymond Ave Ste 143
Pasadena, CA 91103-4534

Gonzalo Gutierrez
1131 N Neptune Ave
Wilmington, CA 90744-3132

Gyron Eagle, LTD
125 N. Raymond Ave Ste 143
Pasadena, CA 91103-4534

James L. Schulte
6526 W Kings Ave
Glendale, AZ 85306-1611

Karla Zarate
3415 Cudahy St
Huntington Park, CA 90255-6836

Mark C. Brown, P.C.
301 E Colorado Blvd Ste 301
Pasadena, CA 91101-1921

SLBiggs
10960 Wilshire Boulevard, Suite 1100
Los Angeles, CA 90024-3714

Frank Sandelmann, Joshua Valene
Beach Cities Law Group
324 Manhattan Beach Blvd Ste 201
Manhattan Beach, CA 90266-5357

Geiger Enterprises
1560 Newbury Rd # 1 195
Newbury Park, CA 91320-3452

Matthew R. Schulte
2419 248th St
Lomita, CA 90717-1514

Micah Jones
1724 W 105th Street
Los Angeles, CA 90047-4453

Mobile Mini Storage Solutions
PO Box 650882
Dallas, TX 75265-0882

Sheppard Mullin
c/o Andrew J. Cronthall
333 S Hope Street 43 Floor
Los Angeles, CA 90071-1422

Tri-Pacific Heating, LP
2116 E Walnut Ave
Fullerton, CA 92831-4845

Martin B. Greenbaum
Greenbaum Law Group
160 Newport Center Dr Ste 110
Newport Beach, CA 92660-6911

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

David Parker, David Zubkoff
Parker & Zubkoff
110 W A St Ste 615
San Diego, CA 92101-3700

Grand Pacific Financing Corporation
|901 Corporate Center Dr N # 300
Monterey Park, CA 91754-7664

Messina & Hankin LLP
24910 Las Brisas Road, Suite 102
Murrieta, CA 92562-4010

Messina & Hankin LIP
c/o Martin
60 Newport Center Drive #110
Newport Beach, CA 92660-691

2

23978115.1

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, OR EMAIL**

**Via Overnight Delivery (Fed Ex):**

**United States Bankruptcy Court:**
Honorable Barry Russell
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1660 Courtroom 1668
Los Angeles, CA 90012

**Via Email:**

**Parties in Interest**

Robbin Itkin (via email)
Sklar Kirsh LLP
ritkin@sklarkirsh.com

Greg Marsh (via email)
Sklar Kirsh LLP
gmarsh@sklarkirsh.com

2

23978115.1