Lovee D. Sarenas (SBN 204361)
*E-mail: lovee.sarenas@dinsmore.com*
**DINSMORE & SHOHL LLP**
550 S. Hope Street, Suite 1765
Los Angeles, CA 90071
Tel: (213) 335-7737

Counsel to Peter J. Mastan,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>HAWTHORNE HANGAR OPERATIONS, L.P.,<br><br>Debtor. | Case No. 2:23-bk-11789-BR<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION TO DISALLOW CLAIM NO. 6 OF ERNEST J. FRANCESCHI, JR.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF LOVEE SARENAS AND DAN WOLFE IN SUPPORT THEREOF; AND EXHIBITS**<br><br>Date: February 25, 2025<br>Time: 10:00 a.m.<br><br>Judge: Honorable Barry Russell<br><br>Place: Courtroom 1668<br>255 East Temple Street<br>Los Angeles, CA 90012 |

Peter J. Mastan, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of debtor Hawthorne Hangar Operations, L.P. (the "Debtor") in the above-captioned bankruptcy case (the "Case") hereby files this Motion to Disallow Claim No. 6 of Ernest J. Franceschi, Jr. ("Motion"). Earnest J. Franceschi, Jr. ("Franceschi") filed Claim No. 6 ("Disputed Claim") asserting a secured claim in the sum of $500,000 in the form of "limited partner ownership units" in the Debtor that he purportedly obtained. The Trustee submits that the Disputed Claim should be disallowed in its entirety on the following grounds:

#45722116v5

1.    Franceschi failed to provide evidence of any type of "claim" as the term is defined under the Bankruptcy Code and evidence of a writing to support a secured claim or security interest. At best, the Disputed Claim is an equity interest in the Debtor and must be reclassified only as such.

2.    The equity interest is owned by Top Gun, Ltd., an Oregon corporation, ("Top Gun") and not the claimant, Franceschi.

The Motion is sought pursuant to 11 U.S.C. § 502, the Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3001(d) and 3007, and Local Bankruptcy Rule ("LBR") 3007-1. In support of this Motion, the Trustee submits the Memorandum of Points and Authorities and the Declaration of Lovee Sarenas, along with the exhibits thereto that are filed contemporaneously herewith.

WHEREFORE, the Trustee respectfully requests that the Court enter an order that:

1.    Grants the Motion in its entirety;

2.    Disallows the Disputed Claim in its entirety, or alternatively, reclassifies the Disputed Claim as an equity interest of Top Gun; and

3.    Grants such other relief as the Court deems just and proper under the circumstances.

Dated: January 24, 2025

DINSMORE & SHOHL LLP


By: /s/ Lovee D. Sarenas
    Lovee D. Sarenas
Counsel to Peter J. Mastan, Chapter 7 Trustee

1

#45722116v5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    BACKGROUND

On March 26, 2023, the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On May 2, 2023, the Court entered an *Order Converting Case from Chapter 11 to Chapter 7* [ECF No. 75] (the "Conversion Order") and further authorized the Chapter 7 Trustee to continue the Debtor's operation for one year from the date of the entry of the Conversion Order. On May 4, 2023, the Trustee accepted his appointment as the Chapter 7 Trustee.

The bar date for filing prepetition claims in the chapter 7 case was set as August 11, 2023 [ECF No. 83]. On June 22, 2023, Franceschi filed Disputed Claim No. 6 as a secured claim in the amount of $500,000 in the form of "limited partner ownership units" ("Partnership Units") that he purportedly obtained from Top Gun. A true and complete copy of the Disputed Claim that was filed with the Court is attached to the Declaration of Lovee Sarenas ("Sarenas Declaration") and incorporated herein by reference as **Exhibit 1.**

In support of the Disputed Claim, Franceschi submitted (1) the *Ninth Amendment to the Agreement of Limited Partnership of Hawthorne Hangar Operations, L.P., A California Limited Partnership* ("9th Amendment"); and (2) *Assignment of Limited Partnership Units in Hawthorne Hangar Operations, L.P. A California Limited Partnership* ("Assignment"). *See* Sarenas Decl., **Exhibit 1**.

The 9th Amendment, which was executed by Dan Wolfe ("Wolfe"), the general partner at the time, acknowledges "certain changes and additions in the Limited Partners of the Limited Partnership, and corresponding Limited Partnership Interests of said Limited Partners" by giving a 4% limited partnership interest to Top Gun. 9th Amendment, ¶ B, **Exhibit 1**. However, the 9th Amendment is silent on the basis for giving Top Gun a 4% interest in the Debtor (400 partnership units).

The Assignment states that Top Gun acquired its 4% interest in the Debtor pursuant to *The Revised Engagement Agreement for Antitrust Action by Dan Wolfe and Hawthorne Hangar Operations, L.P. against Hawthorne Airport, LLC, Advanced Air, LLC, David Wehrly, Levi*

2

1   *Stockton, and City of Hawthorne; and California Rule of Professional Conduct 1.8.1 Disclosure*

2   *and Agreement* ("Revised Agreement")*; and the Engagement and Agreement for the handling of*

3   *the matter entitled Start Helicopters, LLC, and 2010 Leasing Group LLC v. Fleet Unlimited, Inc.;*

4   *Dan Wolfe; Wolfe Air Aviation, Ltd. And Does 1-50, Los Angeles Superior Court Case No.*

5   *BC708510*. Sarenas Decl., **Exhibit 1**. Under the Assignment, Top Gun assigned the entirety of its

6   interest in the Debtor to Franceschi. *See id*. The Disputed claim further asserts that the Partnership

7   Units were a form of attorney's fees.

8          No documents other than the 9th Amendment and the Assignment were attached to the

9   Disputed Claim.

10          Upon request of Trustee's counsel, Franceschi produced an unexecuted version of the

11   Revised Agreement whereby § 3 states "the Clients[1] will convey forthwith to Attorneys or designee

12   an ownership interest in HHO L.P. equivalent to the present value of five hundred thousand dollars

13   ($500,000) which Attorneys are informed and believe amounts to a four percent 4% equity interest

14   in HHO, L.P." *See* Sarenas Decl., **Exhibit 2**. According to Franceschi, the Revised Agreement was

15   never executed. *See* Sarenas Decl., **Exhibit 3.** As such, there is no correlation between the 4%

16   equity interest granted to Top Gun under the 9th Amendment and attorney's fees.

17          Yet, despite requests from Trustee's counsel to amend or withdraw the proof of claim

18   because of a purported equity interest and not a claim and attempts to negotiate a resolution,

19   Franceschi refused to do so resulting in the filing of this Motion.

20   **II.    ARGUMENT**

21          **A.    Legal Standard**

22          Section 502(b)(1) of the Bankruptcy Code states that if an "objection to a claim is made,

23   the court, after notice and a hearing, shall determine the amount of such claim in lawful currency

24   of the United States as of the date of the filing of the petition, and shall allow such claim in such

25   amount, except to the extent that . . . such claim is unenforceable against the debtor . . . under any

26   agreement or applicable law." 11 U.S.C. § 502(b)(1). Bankruptcy Rule 3001(f) thus "operates

27

28   [1] "Clients" were defined as Dan Wolfe and Hawthorne Hanger Operations, L.P., and "Attorneys" was defined as
     Ernest J. Franceschi, Jr. and the Franceschi Trial Law Corporation, also known as Franceschi Law Corporation.

3

1    merely as an evidentiary presumption that is rebuttable" subject to an objection under Bankruptcy

2    Code § 502(b)(1). *In re Garvida*, 347 B.R. 697, 706 (B.A.P. 9th Cir. 2006); *see also In re Heath*,

3    331 B.R. 424, 427 (B.A.P. 9th Cir. 2005) (A claimant's proof of claim is entitled to the presumption

4    of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least

5    one of the allegations that are essential to the claim's legal sufficiency.)  Once the objecting party

6    has rebutted the presumption with counter-evidence, the burden of going forward shifts to the

7    claimant. *In re Lundell*, 223 F.3d 1035, 1039 (9th Cir. 2000). One of the requirements for a prima

8    facie evidence of a valid claim is the submission of a copy of the writing that serves as the basis of

9    a claim. "[W]hen a claim, or an interest in property of the debtor securing the claim, is based on a

10    writing, a copy of the writing shall be filed with the proof of claim."  Bankruptcy Rule 3001(c)(1).

11        A claimant, therefore, must establish by a preponderance of the evidence that its claim

12    should be allowed. *Lundell*, 223 F.3d at 1039. At the same time, the objecting party is not required

13    to disprove the claim. *In re Kahn*, 114 B.R. 40 (Bankr. S.D.N.Y. 1990). As such, while the "burden

14    of going forward is primarily a procedural matter pertaining to the order of presenting evidence",

15    the substantive burden of proof remains at all times upon the claimant. *Garvida*, 347 B.R. at 706;

16    *Lundell*, 223 F.3d at 1039 (ultimate burden of persuasion remains at all times upon the claimant).

17    **B.**    **The Disputed Claim Should Be Disallowed Because It Lacks a Writing or Other**

18    **Evidence That Supports the Existence of a Claim.**

19        The Disputed Claim lacks any evidence to support the existence of a claim. The Disputed

20    Claim purports to be a secured claim on account of "[a]ttorney fees owed for legal services provided

21    to Debtor." *See* **Exhibit 1**. But the evidence attached to the Disputed Claim—the 9th Amendment

22    and Assignment—reflect only that a 4% limited partnership interest in the Debtor was given to Top

23    Gun that was eventually transferred to Franceschi. Sarenas Decl., **Exhibit 1**.

24        Non-contingent fee agreements for fees that will exceed $1,000, as in this instance, must be

25    in writing. CAL. BUS. & PROF. CODE § 6148. There is neither evidence of a security agreement for

26    debt owed in violation of Bankruptcy Rule 3001(c)(1) nor of an executed fee agreement that

27    supports attorney's fees in the form of an equity share in the Debtor.

28

#45722116v5

1    More importantly, suggesting that Top Gun's 4% interest in the Debtor represents

2  "attorney's fees", would violate California Rule 5.4 (Financial and Similar Arrangements with

3  Nonlawyers) that provides, in pertinent part, "[A] lawyer or law firm shall not share legal fees

4  directly or indirectly with a nonlawyer or with an organization that is not authorized to practice

5  law. . . ."  Cal. Rules of Prof. Conduct, Rule 5.4 (2024). Similarly, this designation of interest to

6  Top Gun does not fall in any of the enumerated exceptions under Rule 5.4.

7    In emails with Trustee's counsel, Franceschi also acknowledges that he never entered into

8  the Revised Agreement, which then cannot serve as the basis for asserting a claim in the form of

9  Top Gun's partnership interest in the Debtor. *See* Sarenas Decl. ¶ 7. Thus, Franceschi failed to meet

10  his initial burden to demonstrate facts establishing a claim under Bankruptcy Rule 3001(c). *See*

11  *Holm*, 931 F.2d at 623; Fed. R. Bankr. P. 3001(c).

12    **C.**    <u>**The Disputed Claim Should Be Reclassified as an Equity Interest**</u>.

13    The law is clear that claims cannot be based on equity interests. *See, e.g.*, *Citicorp Real*

14  *Estate v. PWA, Inc. (In re Georgetown Bldg. Assocs. Ltd. Pshp.)*, 240 B.R. 124, 138 (Bankr. D.D.C.

15  1999) ("Although 11 U.S.C. §§ 101(5) and 101(12) define 'claim' as a right to payment and 'debt'

16  as liability on a claim, these definitions obviously do not include a right to payment based on an

17  equity security or other interest in the debtor arising from capital contributions. That the interest in

18  the debtor may give rise to a right to payment does not make that interest a claim."). Under

19  Bankruptcy Code § 101(16), the term "equity security" is defined to include "interest of a limited

20  partner in a limited partnership," which is precisely the type of interest that the Debtor conveyed to

21  Top Gun through the 9th Amendment. The Disputed Claim is, at most, a partnership interest of Top

22  Gun in the Debtor (regardless of the basis for obtaining such interest) and nothing more.

23    The Assignment from Top Gun to Franceschi, which also occurred postpetition, was an

24  impermissible transfer of a partner's interest. Section 20 of the *Agreement of Limited Partnership*

25  *of Hawthorne Hangar Operations, L.P.* ("<u>Partnership Agreement</u>") restricts the assignment of a

26  partner's interest unless (1) it is expressly approved in writing by the general partner <u>and</u> a majority-

27  in-interest of the voting limited partners; or (2) it is one of the enumerated "permissible" transfer

28  of interest, such as:

#45722116v5

1      • Partner to partner

2      • By will or intestate succession upon death of a partner

3      • Inter-vivos gift to a trust that is approved by the general partner or

4      • Transfer to a beneficiary of a partner that is a trust or retirement plan account.

5  A copy of the Partnership Agreement is attached to the Sarenas Declaration as **Exhibit 4** and is

6  incorporated herein by reference. The transfer of Top Gun's 4% partnership interest to a non-

7  partner individual, Franceschi, was outside the permissible list of transfers in violation of the

8  Partnership Agreement, § 20.

9      Finally, there is no evidence that the general partner (Hawthorne Hangar Management,

10 LLC)[2] and a majority-in-interest of the voting limited partners (which Dan Wolfe controls),

11 consented in writing to the transfer. "Any attempted disposition in violation of this Section 20 shall

12 be <u>void ab initio</u>." *Id.* (emphasis in original). Accordingly, Franceschi, individually, is not the

13 proper holder of Top Gun's 4% partnership interest in the Debtor.

14     Franceschi therefore, neither holds a claim (secured or otherwise) against the Debtor nor an

15 equity interest in the Debtor. The Disputed Claim should be disallowed in its entirety.

16 **III.    <u>RESERVATION OF RIGHTS</u>**

17     Trustee hereby reserves its right to object in the future to the Disputed Claim on any ground,

18 and to amend, modify, and/or supplement this Objection, including, without limitation, to object to

19 any amendment to the Disputed Claim or a newly filed claim. Separate notice and hearing will be

20 provided and scheduled, respectively, for any such objection.

21     Notwithstanding anything contained in this Objection or in the exhibits attached hereto,

22 nothing herein shall be construed as a waiver of any rights that the Trustee may have: (a) to bring

23 avoidance actions under the applicable sections of the Bankruptcy Code against the holder of the

24 Disputed Claim or (b) to exercise the estate's setoff rights against the holder of the Disputed Claim.

25

26

27

28
---
[2] A true and correct copy of the Debtor's schedules listing the equity holders of the Debtor is attached to the Sarenas Declaration as Exhibit 5 and incorporated herein by reference.

#45722116v5

## IV.    **<u>CONCLUSION</u>**

For the reasons set forth above, the Trustee respectfully requests that this Court enter an order:

1.    Granting the Motion in its entirety;

2.    Disallowing the Disputed Claim in its entirety or in the alternative, reclassifying the claim as an equity interest of Top Gun in the Debtor; and

3.    Granting the Trustee such other and further relief as is just and proper under the circumstances.

Dated: January 24, 2025                                    DINSMORE & SHOHL LLP


                                        By: <u>/s/ Lovee D. Sarenas          </u>
                                            Lovee D. Sarenas
                                            Counsel to Peter J. Mastan, Chapter 7 Trustee

#45722116v5

## DECLARATION OF LOVEE D. SARENAS

I, LOVEE SARENAS, declare:

1.     I am an attorney who is admitted to practice before this Court, and an attorney in the law firm Dinsmore & Shohl LLP, counsel to Peter J. Mastan, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of debtor Hawthorne Hangar Operations, L.P. ("Debtor") in the above-captioned bankruptcy case.

2.     Except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

3.     Specific email communications with parties set forth herein are preserved and managed in accordance with the firm's recordkeeping policies.

4.     I respectfully submit this declaration in connection with the *Motion to Disallow Claim No. 6 of Ernest J. Franceschi, Jr.* ("Motion"), which seeks disallowance of Claim No. 6 (the "Disputed Claim") filed by Earnest J. Franceschi, Jr. ("Franceschi") that asserts a secured claim in the amount of $500,000.

5.     A true and complete copy of the Claim No. 6 that is on file with the Court is attached hereto as **Exhibit 1** and incorporated herein by reference.

6.     The Court may take judicial notice that:

(a)     On March 26, 2023, the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code.

(b)     On May 2, 2023, the Court entered an *Order Converting Case from Chapter 11 to Chapter 7* [ECF No. 75] (the "Conversion Order") and further authorized the Chapter 7 Trustee to continue the Debtor's operation for one year from the date of the entry of the Conversion Order.

(c)     On May 4, 2023, the Trustee accepted his appointment as the Chapter 7 Trustee.

(d)     The bar date for filing prepetition claims in the chapter 7 case was set as August 11, 2023. *See* ECF No. 83.

(e)     On June 22, 2023, Earnest J. Franceschi, Jr. filed Claim No. 6.

8

#45722116v5

(f)    A true and correct copy of the Debtor's schedules listing the equity holders of the Debtor that was filed with the Court on March 26, 2023 is attached hereto as **Exhibit 5** and incorporated herein by reference.

7.    As part of the estate's efforts to review and investigate claims, I have instructed an associate in our firm to obtain a copy of the Revised Agreement from the claimant, Franceschi.

a.   Attached hereto as **Exhibit 2** and incorporated herein by reference is a true and correct copy of the unexecuted *Revised Engagement Agreement for Antitrust Action by Dan Wolfe and Hawthorne Hangar Operations, L.P. against Hawthorne Airport, LLC, Advanced Air, LLC, David Wehrly, Levi Stockton, and City of Hawthorne; and California Rule of Professional Conduct 1.8.1 Disclosure and Agreement* ("Revised Agreement") that Franceschi sent to Trustee's counsel upon request pursuant to an email dated August 20, 2024.

b.   Attached hereto as **Exhibit 3** is a true and correct copy of such email communication concerning the Revised Agreement.

8.    Despite requests from our office to amend or withdraw the claim and attempts to negotiate a resolution, Franceschi has refused to do so resulting in the filing of the Motion seeking disallowance of the Disputed Claim.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct. Executed on January 24, 2025 in Los Angeles, California.

/s/ Lovee D. Sarenas
Lovee D. Sarenas

#45722116v5

## DECLARATION OF DAN WOLFE

I, Dan Wolfe, declare:

1. I am eighteen years of age, the responsible individual for the debtor Hawthorne Hangar Operations, L.P. ("Debtor"), and the holder of the majority partnership interest in the Debtor.

2. Except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

3. As one of the original partners of the Debtor, I am familiar with the business operations and with the history, organization, operations and financial condition of the Debtor.

4. I also have access to the corporate and financial records and documents of the Debtor. The records and documents of the partnership provided herein were made at, and taken near the time of, the act or event to which they related by employees of the Debtor who had the responsibility and business duty to take, record, and maintain records accurately and completely in the regular course of the Debtor's business operations.

5. Attached hereto and incorporated herein by reference as **Exhibit 4** is a copy of the *Agreement of Limited Partnership of Hawthorne Hangar Operations, L.P.* ("Partnership Agreement") that was signed by all of the original partners of the Debtor including me.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct.

Executed on January 23, 2025 in Los Angeles, California.

Dan Wolfe

#45722116v5

10

# EXHIBIT 1

<table>
<tr><td>

**Fill in this information to identify the case:**

Debtor 1   Hawthorne Hangar Operations, L.P.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **Central District of California**

Case number:  **23–11789**

</td><td>

FILED

**U.S. Bankruptcy Court**
**Central District of California**

6/22/2023

**Kathleen J. Campbell, Clerk**

</td></tr>
</table>

Official Form 410
# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Ernest J. Franceschi, Jr. <br><br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☐ No <br> ☑ Yes. From whom?   Top Gun, Ltd. |
| **3. Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br> Ernest J. Franceschi, Jr. <br><br> Name <br><br> 100 Wilshire Boulevard <br> Suite 700 <br> Santa Monica, CA 90401–100 <br><br> Contact phone _____2136220835_____ <br> Contact email ___ejf@franceschilaw.com___ <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> _____ |
| | **Where should payments to the creditor be sent?** (if different) <br><br> Name <br><br> <br><br> Contact phone _____ <br> Contact email _____ |
| **4. Does this claim amend one already filed?** | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____ <br> MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

Official Form 410                          Proof of Claim                          page 1

Page 12

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| **6.Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | _____ |

| | | |
|---|---|---|
| **7.How much is the claim?** | $            500000.00 | **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

**8.What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Attorney fees owed for legal services provided to Debtor
_____

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.
    **Nature of property:**
    ☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*
    ☐ Motor vehicle
    ☑ Other. Describe:    Limited Partner ownership units
_____

    **Basis for perfection:**    written agreement
_____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

| | | |
|---|---|---|
|     **Value of property:** | $      13000000.00 | |
|     **Amount of the claim that is secured:** | $      500000.00 | |
|     **Amount of the claim that is unsecured:** | $      00.00 | (The sum of the secured and unsecured amounts should match the amount in line 7.) |

    **Amount necessary to cure any default as of the date of the petition:**    $    500000.00

    **Annual Interest Rate** (when case was filed)    0.00   %

    ☑ Fixed
    ☐ Variable

| | |
|---|---|
| **10.Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| **11.Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410                                    Proof of Claim                                    page 2

Page 13

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply:* | | Amount entitled to priority |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,350 * of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $15,150 *) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies  $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    6/22/2023

MM / DD / YYYY

/s/  Ernest Franceschi

Signature

Print the name of the person who is completing and signing this claim:

| Name | Ernest Franceschi |
| | First name    Middle name    Last name |
| Title | |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 100 Wilshire Boulevard, Suite 700 |
| | Number   Street |
| | Santa Monica, CA 90401 |
| | City   State   ZIP Code |
| Contact phone | 2136220835     Email   ejf@franceschilaw.com |

Official Form 410    Proof of Claim    page 3

# NINTH AMENDMENT TO THE

## AGREEMENT OF LIMITED PARTNERSHIP OF

## HAWTHORNE HANGAR OPERATIONS, L.P.,
### A California Limited Partnership

THIS NINTH AMENDMENT TO THE AGREEMENT OF LIMITED PARTNERSHIP of HAWTHORNE HANGAR OPERATIONS, L.P., a California limited partnership (the "Ninth Amendment") is executed and made effective as of September 11, 2021, by and between HAWTHORNE HANGAR OPERATIONS, L.P., a California limited partnership (the "Limited Partnership"), by its General Partner HAWTHORNE HANGAR MANAGEMENT, LLC, a California limited liability company ("HHM," and also sometimes referred to herein as the "General Partner").

## RECITALS

A.    HAWTHORNE HANGAR OPERATIONS, L.P., a California limited partnership, was formed pursuant to that certain AGREEMENT OF LIMITED PARTNERSHIP OF HAWTHORNE HANGAR OPERATIONS, L.P., with an effective date of August 7, 2009 (the "Partnership Agreement"). Except as otherwise stated, capitalized terms have the meanings as set forth in the Partnership Agreement.

B.    By this Ninth Amendment, the General Partner, on behalf of the Limited Partnership, desires to acknowledge certain changes and additions in the Limited Partners of the Limited Partnership, and the corresponding Limited Partnership Interests of said Limited Partners.

NOW, THEREFORE, the General Partner hereby amends and updates the Agreement of Limited Partnership as follows:

1.    <u>Update to Schedule of Partners.</u> Effective as the dates of the acquisition and or assignments of the underlying Limited Partnership Interests of the Limited Partners as more particularly set for in Exhibit "A" attached hereto, Exhibit "A" to the Agreement of Limited Partnership is hereby deemed updated and modified in to reflect the changes of and to the Limited Partners, the associated ownership of Limited Partnership as provided herein, and the determination of each interest in the Limited Partnership based on the number of Units held by a Partner proportionate to the total of all Units of the Limited Partnership as they may exist from time to time.

2.    <u>Adoption of Exhibit "A".</u> By its adoption, and the General Partner hereby certifies as being true and correct, the partners of the Limited Partnership are as more particularly set forth in Exhibit "A" attached hereto and incorporated herein by this reference, and which shall supersede any existing said Exhibit "A".

1

g:\mark\mcb121314\wolfe - hawthorne fa 8695-6\9th amnd lp agt.0921.docx

IN WITNESS WHEREOF, this Ninth Amendment is executed and made effective as of the date first written above.

General Partner:

HAWTHORNE HANGAR MANAGEMENT,
LLC, a California limited liability company

By:    Wolfe Air Aviation, Ltd., a California
       corporation, as a General Manager

By: _____
       Dan Wolfe, President

2

g:\mark\mcbl21314\wolfe – hawthorne fa 8695-6\9th amnd lp agt.0921.docx

## UPDATED EXHIBIT "A"

### TO NINTH AMENDMENT TO AGREEMENT OF LIMITED PARTNERSHIP

**Names, Addresses and Units of Partnership**
**in the Partnership of the Partners as of September 11, 2021**

| Name and Address | Ownership Effective Date | Units of Partnership | Partnership (Percentage) Interest |
|---|---|---|---|
| **General Partner:** | | | |
| Hawthorne Hangar Management, LLC<br>125 N. Raymond, Suite 413<br>Pasadena, California 91103 | 08/07/09 | 100 | 1.00% |
| **Limited Partners:** | | | |
| Dan Wolfe, Trustee of the Wolfe Family Trust of 1992<br>125 N. Raymond, Suite 413<br>Pasadena, California 91103 | 08/07/09 | 4,800 | 48.00% |
| Dan Wolfe<br>390 Patrician Way<br>Pasadena, California 91105 | 07/29/14 | 2,950 | 29.50% |
| C. Anthony Phillips, Trustee of the C. Anthony Phillips Trust<br>909 East Green Street<br>Pasadena, California 91106 | 01/01/15 | 200 | 2.00% |
| C. Anthony Phillips, Trustee of the C. Anthony Phillips Trust<br>909 East Green Street<br>Pasadena, California 91106 | 01/01/18 | 200 | 2.00% |
| Storm Bartling, Trustee of the Trust of Storm Bartling Trust<br>1176 Main St. #A1<br>Irvine, California 92614 | 09/21/15 | 200 | 2.00% |
| Star Helicopters, LLC, a California limited liability company<br>3670 W. 120th Street<br>Hawthorne, CA 90250 | 03/02/16 | 100 | 1.00% |
| C. Anthony Phillips, Trustee of the C. Anthony Phillips Trust<br>909 East Green Street<br>Pasadena, California 91106 | 01/01/17 | 200 | 2.00% |

3

g:\mark\ncb121314\wolfe – hawthorne fo 8695-6\9th annmd lp agt.0921.docx

| Name and Address | Ownership Effective Date | Units of Partnership | Partnership (Percentage) Interest |
|---|---|---|---|
| Limited Partners (continued): | | | |
| Stephen A. Forte<br>3410 Manhattan Avenue<br>Manhattan Beach, CA 90266 | 01/01/17 | 200 | 2.00% |
| Alain Levi, Trustee of the E. A. Levi Family Trust<br>1724 Tangiers Drive<br>Henderson, NV 89012 | 03/07/17 | 200 | 2.00% |
| Stephen A. Forte<br>3410 Manhattan Avenue<br>Manhattan Beach, CA 90266 | 04/01/17 | 200 | 2.00% |
| Linda Biron, Trustee of the Biron 2009 Trust<br>4316 Marina City Drive, Unit 101<br>Marina Del Rey, California 90292 | 01/01/18 | 250 | 2.50% |
| Top Gun, Ltd., an Oregon corporation<br>4640 Admiralty Way, Fifth Floor<br>Marina Del Rey, California 90292 | 09/11/21 | 400 | 4.00% |
| Total | | 10,000 | 100.00% |

4

g:\mark\mcb121514\wolfe - hawthorne fo 8695-6\9th amend lp agt.0921.docx

## ASSIGNMENT OF LIMITED PARTNERSHIP UNITS
### IN HAWTHORNE HANGAR OPERATIONS, L.P.
A California Limited Partnership

WHEREAS Top Gun, Ltd. an Oregon corporation with its principal office located at 100 Wilshire Boulevard, Suite 700 Santa Monica, California 90401 (the "Assignor") on or about October 7, 2021 acquired four (4) limited partnership units equivalent to a four percent (4%) ownership interest in Hawthorne Hangar Operations, L.P. pursuant to the provisions set forth in paragraph 3(A) of *The Revised Engagement Agreement for antitrust action by Dan Wolfe and Hawthorne Hangar Operations, L.P. against Hawthorne Airport, LLC., Advanced Air, LLC, David Wehrly, Levi Stockton, and City of Hawthorne; and California Rule of Professional Conduct 1.8.1 Disclosure and Agreement; Engagement and Agreement for the handling of the matter entitled Star Helicopters, LLC, and 2010 Leasing Group LLC v. Fleet Unlimited, Inc.; Dan Wolfe; Wolfe Air Aviation, Ltd. And Does 1-50, Los Angeles Superior Court Case No. BC708510* (the "Agreement") with a value set forth in paragraph 3(A) of the Agreement to be five hundred thousand ($500,000.00) dollars, with a value of one hundred twenty five ($125,000.00) per one percent interest.

WHEREAS Assignor hereby assigns the entirety of Assignor's limited partnership ownership interest to Ernest J. Franceschi, Jr. (the "Assignee"), which assignment is effective June 14, 2023.

WHEREAS in consideration for this Assignment, the Assignor acknowledges receipt of $0.00 paid by the Assignee.

WHEREAS it is further agreed that this Assignment will enure to the benefit of and be binding upon the parties to this Assignment, their heirs, executors, administrators, successors and assigns, respectively.

NOW THEREFORE the Assignor directs Dan Wolfe, President of Hawthorne Hangar Management, LLC. a California limited liability company, the General Partner of Hawthorne Hangar Operations, L.P. and Wolfe Air Aviation, Ltd., a California corporation, as General Manager of Hawthorne Hangar Management, LLC to amend the Limited Partnership Agreement of Hawthorne Hangar Operations, L.P. and all official books and records thereof to reflect this Assignment.

Page 1 of 2

This Assignment and agreement will be construed in accordance with and governed by the laws of the State of California.

Executed on June 14, 2023 by:

Ernest J. Franceschi, Jr.
President and CEO of Top Gun, Ltd., the Assignor

Ernest J. Franceschi, Jr.
the Assignee

Page 2 of 2

# EXHIBIT 2

**FRANCESCHI LAW CORPORATION**
TRIAL LAWYERS
4640 Admiralty Way
Fifth Floor
Marina del Rey, California 90292
Telephone (213) 622-0835
Facsimile (213) 622-0837
Email: ejf@franceschilaw.com

June 11, 2021

Mr. Dan Wolfe
Wolfe Air
3507 Jack Northrop Ave.
Hawthorne, Ca. 90250

> Re:    Revised Engagement and Agreement for antitrust
> action by Dan Wolfe and Hawthorne Hangar Operations, L.P.
> against Hawthorne Airport, LLC., Advanced Air, LLC, David
> Wehrly, Levi Stockton, and City of Hawthorne; and California
> Rule of Professional Conduct 1.8.1 Disclosure and Agreement

Dear Mr. Wolfe:

Thank you for permitting Ernest J. Franceschi, Jr. and the Franceschi Trial Law Corporation, also known as Franceschi Law Corporation (hereinafter, referred to as "Attorneys"), to represent you Dan Wolfe and Hawthorne Hanger Operations, L.P. (referred to as "Clients") in the capacities described below. We appreciate the opportunity to serve as your attorneys and look forward to working with you.

This revised Engagement and Agreement for Legal Services (hereinafter referred to as " Revised Agreement") sets forth our agreement concerning the legal services we will provide and our fees for those services. This agreement replaces and supplants all other engagement agreements pertaining to the antitrust action described in the above caption and in particular the original agreement entered into on November 25, 2020. Please read this Agreement carefully before signing and returning it to me. If you do not understand any portion of this Agreement, or if you have any questions, please contact Attorneys and inquire at your earliest opportunity.

# FRANCESCHI LAW CORPORATION
**TRIAL LAWYERS**


Mr. Dan Wolfe
June 11, 2021
Page No.  2


1.    <u>Scope of Services to be Performed.</u>

Clients retain attorneys to prosecute an action on Clients' behalf for federal antitrust violations, Declaratory Relief under California *Business & Professions Code* section 16600, and Nuisance, United States District Court for the Central District of California Case No. 2:20-cv-10744 filed on November 24, 2020  up to conclusion of the action including any appellate proceedings in the Ninth Circuit Court of Appeals and the United States Supreme Court.


2.    <u>Duties of Attorneys and Clients.</u>

(a)    Attorneys shall provide the legal services reasonably required to prosecute the client's claims.  Attorneys shall take all reasonable steps to keep Clients fully informed of the progress of Clients' legal matters and will respond in a reasonably prompt manner to Clients' inquiries.

(b)    Clients shall: (i) fully cooperate with Attorneys in order to permit Attorneys to perform the services described in this Agreement; (ii) be truthful with Attorneys at all times and in all matters, and provide Attorneys with such information and supporting documentation as Attorneys may request, all of which material shall be truthful, accurate and complete; (iii) keep Attorneys fully informed of any changes in any information previously given to Attorneys, or any developments or changes in those matters with respect to which Attorneys are rendering services under this Agreement; (iv) keep Attorneys fully apprised at all times of the address, telephone number and whereabouts of Clients; (v) perform the obligations that Clients have agreed to perform under this Agreement; and (vi) make payments to Attorneys in full and in a

**FRANCESCHI LAW CORPORATION**
**TRIAL LAWYERS**

Mr. Dan Wolfe
June 11, 2021
Page No.  3

timely manner pursuant to the terms of this Agreement.

3.    <u>Attorneys' Fees.</u>

There will be a flat fee of One hundred seventy five thousand dollars ($175,000.00) for the prosecution of this action as set forth in paragraph 1.  In addition thereto, Clients will convey forthwith  to Attorneys or designee an ownership interest in HHO, L.P. equivalent to the present value of five hundred thousand dollars ($500,000.00) which Attorneys are informed and believe amounts to a four percent (4%) equity interest in HHO, L.P.  The equity position granted as an attorney fee is in consideration for legal services in conjunction with this matter that substantially exceed what was anticipated at the time of the original engagement agreement, and the fact that no amount of the original $175,000.00 up front fee has been paid to date.  Under 15 U.S.C. Section 15(a) attorney fees are recoverable by a prevailing plaintiff as to the first and second claims for relief.  In the event attorney fees are recovered in any amount in excess of $175,000.00, the sum of $175,00.00 shall be refunded to Plaintiff(s) and Attorneys shall retain any amounts over and above the flat fee retainer of $175,000.00 as compensation for their services in this action.

4.    <u>Costs and Expenses.</u>

In addition to the Attorneys' fees described above, Attorneys may incur certain costs and expenses in connection with services provided to Clients, some of which costs and expenses will be paid to third parties.  Clients shall pay in advance all expenses that are, in Attorney's judgment, reasonably necessary in connection with Attorney's legal services, including payments to third parties. In the event that Attorneys were to advance payment of an expense or cost, Clients agree to reimburse Attorney within ten (10) days for all such costs and expenses.  By way of example only, costs include but may not be limited to the following: Court reporter and/or videographer fees for

**FRANCESCHI LAW CORPORATION**
**TRIAL LAWYERS**

Mr. Dan Wolfe
June 11, 2021
Page No.  4

depositions, expenses incurred in connection with retaining various  experts, document duplication or transmission,  messenger and other delivery services, outside-assisted or computer-assisted legal research (if required), filing fees at state and federal regulatory agencies, expert and consulting fees (if required), travel expenses and other items similar to those listed above in the event Attorneys advance any costs on behalf of Clients. Retention of any experts shall be pre-approved by client.

5.      Disclaimer of Guarantee.

Clients understand that Attorneys have not made and will not make promises or guarantees to Clients about the outcome of Clients' case or the results of any professional services, and nothing in this Agreement shall be construed as such a promise or guarantee.

6.      Termination of Services.

(a)      Clients shall have the right to terminate Attorneys' services at any time upon written notice to Attorneys or if Attorneys feel they can no longer represent the Clients for any reason.  Such termination shall not relieve Clients of the obligation to pay the amounts owed to Attorneys for services rendered and costs incurred in connection with such services performed prior to such termination.

(b)      After receiving a termination notice, Attorneys shall immediately cease to render additional services, except for such services as Attorneys may be required to provide under applicable law or as Attorneys deem reasonably necessary to transfer the matter to Clients or to successor legal counsel, and Attorneys shall be compensated for such services.

**FRANCESCHI LAW CORPORATION**
**TRIAL LAWYERS**

Mr. Dan Wolfe
June 11, 2021
Page No.  5

(c)     Attorneys shall have the right to terminate Attorneys' services under this Agreement at any time upon written notice to Clients if, in Attorneys' judgment, Clients breach this Agreement or refuse to cooperate with Attorneys, or upon the occurrence of any fact or circumstance that would render Attorneys' continuing representation unlawful or unethical or which could subject Attorneys to liability.

7.     <u>Entire Agreement and Governing Law.</u>

(a)     This Agreement contains the entire understanding among the parties hereto and supersedes any prior understandings and agreements among them with respect to the subject matter herein.  There are no representations, agreements, arrangements or understandings among the parties, oral or written, relating to the subject matter of this Agreement that are not fully expressed herein.  Any statements, promises or inducements, whether made by any party or agent of any party, that are not contained in this written Agreement, shall not be valid or binding. This Agreement may not be enlarged, modified or altered except by a written agreement signed by all the parties hereto.

(b)     This Agreement, being executed, delivered and primarily performed in the State of California, shall be construed in accordance with and governed by the laws of the State of California or United States of America, as applicable, including its laws and decisions relating to conflict of laws with respect to its validity, interpretation, performance and enforcement.

**FRANCESCHI LAW CORPORATION**
**TRIAL LAWYERS**


Mr. Dan Wolfe
June 11, 2021
Page No.  6


**8.**      **California Rule of Professional Conduct 1.8.1 Advisement and Disclosures**

Because this revised agreement provides for attorneys taking an ownership interest in property or assets of clients, it is governed by California Rule of Professional Conduct 1.8.1, a copy of which is appended to this agreement and made a part hereof.  Rule 1.8.1 requires the following:

> (a) that the terms of the agreement be "fair and reasonable" to the client and that the lawyer's role in the transaction or acquisition be fully disclosed and transmitted in writing to the client;
> (b) the client must be represented by an independent lawyer of the client's choice or the client is advised in writing to seek the advice of an independent lawyer of the client's choice and the client is given a reasonable opportunity to seek that advice; and
> ( c) The client thereafter provides informed written consent to the terms of the transaction

**Disclosures Required By Rule 1.8.1**

In addition to the $175,000.00 owed to attorneys under the original engagment agreement, Clients will convey  to Attorneys or designee (a person, entity, or trust designated by Attorneys) an ownership interest in HHO, L.P.  that is equivalent to the present value of five hundred thousand dollars ($500,000.00) which Attorneys are informed and believe based upon representations  made by client amounts to a four percent (4%) equity interest in HHO, L.P., which entity is the owner of real property as well as an aircraft hangar at the Hawthorne Municipal Airport (KHHR).  In return for same, attorneys will continue to represent clients in the antitrust matter until conclusion, which includes the handling of appellate proceedings in the United States Court of Appeals for the Ninth Circuit and United States Supreme Court.

**FRANCESCHI LAW CORPORATION**
**TRIAL LAWYERS**

Mr. Dan Wolfe
June 11, 2021
Page No.  7

### Client  is Advised to Seek Advice of Independent Counsel

In accordance with Rule 1.8.1(b) clients are hereby advised to seek the advise of independent counsel with regard to this transaction or to obtain the representation of independent counsel with regard to the transaction.

### Informed Written Consent

Rule 1.8.1 ( c) requires that a client provide informed written consent to the above described transaction. The informed written consent will be manifested by client's signature and execution of this agreement.  **DO NOT SIGN THIS AGREEMENT UNLESS AND UNTIL YOU FULLY UNDERSTAND THE TERMS, AGREE TO THOSE TERMS, AND HAVE OBTAINED THE ADVICE OF INDEPENDENT COUNSEL**

9.    Avoiding Disappointed Expectations and Resolving Disputes:

It is Attorneys' desire to provide effective legal representation and services to Clients within the bounds of professional duties and responsibilities.  If a dispute should arise, however, disputes shall be resolved in accordance with the following provisions:

(a)    *Settlement Discussion by the Parties*:  Clients and Attorneys hereby agree to attempt to resolve any disputes between them by an in-person meeting to be held within thirty (30) days after written notice by either Clients or Attorneys to the other party to this Agreement of a dispute or disagreement on any matter arising from the relationship described in this Agreement.

**FRANCESCHI LAW CORPORATION**
TRIAL LAWYERS


Mr. Dan Wolfe
June 11, 2021
Page No.  8


10.    <u>Prevailing Party's Attorneys' Fees</u>.

If either party hereto brings a legal action, arbitration, or other legal proceeding to enforce the terms of this Agreement, or to declare rights hereunder, or for the enforcement of any judgment or award, or any appeal thereof, the prevailing party in such action, arbitration, or appeal shall be entitled to an award of reasonable costs of litigation including, without limitation, reasonable attorneys fees and costs, in such amount as may be determined by the Court or arbitrator having jurisdiction. This provision shall apply even if Attorneys elect to represent themselves and shall be entitled to recover reasonable attorney fees based upon their customary hourly rate at the time of the legal action, arbitration, or other proceeding.  Client is advised that although this is a "flat fee" agreement and Client will not be charged an hourly rate, that Attorney's current hourly rate is $975.00 per hour.

12    <u>Waiver</u>.

With respect to any recovery of attorneys' fees as stated hereinabove, Clients hereby waive the right to claim non-recovery of attorneys' fees where Attorneys are representing themselves or are represented by Attorneys' own law firms in any action or arbitration to enforce the terms hereof or to declare rights hereunder, or for the enforcement of any judgment or award, or any appeal thereof.  Clients hereby acknowledges Attorneys' right to recover attorneys' fees irrespective of whether Attorneys represent themselves or by Attorneys' own law firms or retained counsel.

13.    <u>Notice</u>.

All notices, requests, demands or other communications necessary to be given hereunder shall be in writing and shall be deemed to have been given: (i) if delivered against a written receipt or (ii) if mailed by First Class Mail, postage prepaid, or by overnight delivery to the parties at the following addresses (or at such other addresses

# FRANCESCHI LAW CORPORATION
**TRIAL LAWYERS**

Mr. Dan Wolfe
June 11, 2021
Page No. 9

as a party may notify the other party of in writing in accordance with this section); or (iii) if sent by facsimile transmission and the sending party has verification of receipt of the fax.

14    <u>Entire Agreement and Governing Law</u>.

(a)    This Agreement contains the entire understanding among the parties hereto and supersedes any prior understandings and agreements among them with respect to the subject matter herein.    There are no representations, agreements, arrangements or understandings among the parties, oral or written, relating to the subject matter of this Agreement that are not fully expressed herein.    Any statements, promises or inducements, whether made by any party or agent of any party, that are not contained in this written agreement shall not be valid or binding. This Agreement may not be enlarged, modified or altered except by a written agreement signed by all the parties hereto.

(b)    This Agreement, being executed, delivered and primarily performed in the State of California, shall be construed in accordance with and governed by the laws of the State of California or United States of America, as applicable, including its laws and decisions relating to conflict of laws with respect to its validity, interpretation, performance and enforcement.

**FRANCESCHI LAW CORPORATION**
**TRIAL LAWYERS**


Mr. Dan Wolfe
June 11, 2021
Page No.  10


( c)    Notices required under  the agreement

If to Attorneys, address to:        Ernest Franceschi, Esq.
                                     Franceschi Law Corporation
                                     4640 Admiralty Way, 5th Floor
                                     Marina del Rey, California 90292
                                     Tel: (213) 622-0835
                                     Fax: (213) 622-0837
                                     Email: ejf@franceschilaw.com




If to Clients, address to:          Dan Wolfe


                                     _____


                                     _____

                                     TE:
                                     FAX:
                                     Email:


This Agreement may be executed in counterparts, each of which may be deemed an
original, and taken together they shall constitute one and the same agreement.
If the terms of this Agreement are satisfactory, please sign the enclosed copy of this
Agreement in the space provided below and return the signed copy.  **By signing this
agreement you are also providing informed written consent to a transaction
governed by California Rule of Professional Conduct 1.8.1 that is described in
paragraph  8, above and that you represent that you have obtained the advice**

**FRANCESCHI LAW CORPORATION**
**TRIAL LAWYERS**

Mr. Dan Wolfe
June 11, 2021
Page No.  11

**of independent counsel regarding the transaction** Again, we thank you for allowing us the opportunity to work with you as your Attorneys.

Kindly yours,

Ernest J. Franceschi, Jr.
Franceschi Law Corporation

*    *    *

BY SIGNING BELOW, WE ACKNOWLEDGE HAVING READ AND UNDERSTAND THE ABOVE TERMS OF THE FOREGOING ENGAGEMENT AND AGREEMENT FOR LEGAL SERVICES, WHICH ARE ACCEPTABLE AND AGREEABLE TO US. WE ALSO ACKNOWLEDGE HAVING THE OPPORTUNITY TO REQUEST EXPLANATION ABOUT ANY OF THE ABOVE TERMS BEFORE SIGNING BELOW TO OUR SATISFACTION AND UNDERSTANDING.

Dated:  _____, 2021        _____

                                                   Dan Wolfe, individually and on
                                                   behalf of Hawthorne Hanger
                                                   Operations, LP

ATTACHMENT – RETAINER AGREEMENT

The State Bar *of California*

## Rule 1.8.1 Business Transactions with a Client and
## Pecuniary Interests Adverse to a Client
## (Rule Approved by the Supreme Court, Effective November 1, 2018)

A lawyer shall not enter into a business transaction with a client, or knowingly* acquire an ownership, possessory, security or other pecuniary interest adverse to a client, unless each of the following requirements has been satisfied:

(a)     the transaction or acquisition and its terms are fair and reasonable* to the client and the terms and the lawyer's role in the transaction or acquisition are fully disclosed and transmitted in writing* to the client in a manner that should reasonably* have been understood by the client;

(b)     the client either is represented in the transaction or acquisition by an independent lawyer of the client's choice or the client is advised in writing* to seek the advice of an independent lawyer of the client's choice and is given a reasonable* opportunity to seek that advice; and

(c)     the client thereafter provides informed written consent* to the terms of the transaction or acquisition, and to the lawyer's role in it.

## Comment

[1]     A lawyer has an "other pecuniary interest adverse to a client" within the meaning of this rule when the lawyer possesses a legal right to significantly impair or prejudice the client's rights or interests without court action.  (See *Fletcher v. Davis* (2004) 33 Cal.4th 61, 68 [14 Cal.Rptr.3d 58]; see also Bus. & Prof. Code, § 6175.3 [Sale of financial products to elder or dependent adult clients; Disclosure]; Fam. Code, §§ 2033-2034 [Attorney lien on community real property].)  However, this rule does not apply to a charging lien given to secure payment of a contingency fee.  (See *Plummer v. Day/Eisenberg, LLP* (2010) 184 Cal.App.4th 38 [108 Cal.Rptr.3d 455].)

[2]     For purposes of this rule, factors that can be considered in determining whether a lawyer is independent include whether the lawyer: (i) has a financial interest in the transaction or acquisition; and (ii) has a close legal, business, financial, professional or personal relationship with the lawyer seeking the client's consent.

[3]     Fairness and reasonableness under paragraph (a) are measured at the time of the transaction or acquisition based on the facts that then exist.

[4]     In some circumstances, this rule may apply to a transaction entered into with a former client.  (Compare *Hunniecutt v. State Bar* (1988) 44 Cal.3d 362, 370-71 ["[W]hen an attorney enters into a transaction with a former client regarding a fund which resulted from the attorney's representation, it is reasonable to examine the relationship between the parties for indications of special trust resulting therefrom. We conclude that if there is evidence that the client placed his trust in the attorney because of the representation, an attorney-client relationship exists for the purposes of [the predecessor rule) even if the representation has otherwise ended [and] It appears that [the client] became a

1

target of [the lawyer's] solicitation because he knew, through his representation of her, that she had recently received the settlement fund [and the court also found the client to be unsophisticated]."] with *Wallis v. State Bar* (1942) 21 Cal.2d 322 [finding lawyer not subject to discipline for entering into business transaction with a former client where the former client was a sophisticated businesswoman who had actively negotiated for terms she thought desirable, and the transaction was not connected with the matter on which the lawyer previously represented her].)

[5]     This rule does not apply to the agreement by which the lawyer is retained by the client, unless the agreement confers on the lawyer an ownership, possessory, security, or other pecuniary interest adverse to the client.  Such an agreement is governed, in part, by rule 1.5.  This rule also does not apply to an agreement to advance to or deposit with a lawyer a sum to be applied to fees, or costs or other expenses, to be incurred in the future. Such agreements are governed, in part, by rules 1.5 and 1.15.

[6]     This rule does not apply: (i) where a lawyer and client each make an investment on terms offered by a third person* to the general public or a significant portion thereof; or (ii) to standard commercial transactions for products or services that a lawyer acquires from a client on the same terms that the client generally markets them to others, where the lawyer has no advantage in dealing with the client.

# EXHIBIT 3

**Sarenas, Lovee**

---

| | |
|---|---|
| **From:** | Ernest Franceschi <EJF@FranceschiLaw.com> |
| **Sent:** | Friday, August 30, 2024 1:34 PM |
| **To:** | Serrano, Jonathan |
| **Cc:** | Sarenas, Lovee |
| **Subject:** | RE: Hawthorne Hangar Operations - Withdrawal of Claim No. 6 |
| **Attachments:** | Revised Antitrust Retainer Agreement.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Jonathan,
I did find the attached retainer agreement which was never executed. As I previously indicated to you I determined that HHO was essentially worthless due to the very significant debts resulting from the fraud perpetrated by Remington Chase and therefore never pursued the matter. I never took an ownership interest in HHO and no shares were ever issued to me. As you may know, the Ninth Circuit Court of Appeals affirmed the dismissal of the antitrust action as being time barred and no monies were ever recovered. Moreover, I was not paid for my services litigating the antitrust action in either the District Court or the Ninth Circuit. Those monies as set forth in the retainer are still owed and comprise my claim. I hope this clarifies the matter.
Best regards,

Ernest J. Franceschi, Jr., Esq.
FRANCESCHI LAW CORPORATION
Trial Lawyers
100 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Tel: (213) 622-0835
Fax: (213) 622-0837
**Email: ejf@franceschilaw.com**

---

**From:** Serrano, Jonathan <Jonathan.Serrano@Dinsmore.com>
**Sent:** Friday, August 30, 2024 1:00 PM
**To:** Ernest Franceschi <EJF@FranceschiLaw.com>
**Cc:** Sarenas, Lovee <Lovee.Sarenas@DINSMORE.COM>
**Subject:** RE: Hawthorne Hangar Operations - Withdrawal of Claim No. 6

Mr. Franceschi,

I'm following up here. Did you find the agreement?

Thanks,
Jonathan



**Jonathan B. Serrano**
Associate
Dinsmore & Shohl LLP  •  Legal Counsel
550 S. Hope Street, Suite 1765, Los Angeles, CA 90071
**T** (213) 335-7758

# EXHIBIT 4

# AGREEMENT OF LIMITED PARTNERSHIP

## OF

## HAWTHORNE HANGAR OPERATIONS, L.P.,
### A California Limited Partnership

THE PARTNERSHIP INTERESTS ACQUIRED PURSUANT TO THIS AGREEMENT HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, AND MAY NOT BE SOLD, TRANSFERRED, PLEDGED OR HYPOTHECATED UNLESS THEY HAVE BEEN REGISTERED UNDER SAID ACT OR UNLESS REGISTRATION UNDER SAID ACT IS NOT REQUIRED.  THERE ARE SUBSTANTIAL RESTRICTIONS ON TRANSFER CONTAINED IN THIS PARTNERSHIP AGREEMENT.

# AGREEMENT OF LIMITED PARTNERSHIP

## OF

## HAWTHORNE HANGAR OPERATIONS, L.P.,
A California Limited Partnership

### INDEX

| Section | Title | Page |
|---|---|---|
| 1 | Definitions | 1 |
| 2 | Formation of Limited Partnership/Effect of Act | 3 |
| 3 | Purpose of the Partnership | 3 |
| 4 | Principal Place of Business | 4 |
| 5 | Term | 4 |
| 6 | Control of Partnership Business | 4 |
| 7 | Conveyances of the Partnership Assets | 4 |
| 8 | Representations and Warranties of Limited Partners | 4 |
| 9 | Partnership Capital | 5 |
| 10 | Loans and Advances by Partners to Partnership | 6 |
| 11 | Allocation of Profits, Losses and Distributions | 6 |
| 12 | Admission of Additional Limited Partners | 9 |
| 13 | Books, Records, Tax Returns, Fiscal Year and Reports | 10 |
| 14 | Powers, Duties and Compensation of the Partners | 11 |
| 15 | Partnership Meetings and Notice | 12 |
| 16 | Admission and Substitution of Interests of General Partner | 12 |
| 17 | Resignation or Termination of a General Partner | 12 |
| 18 | Dissolution/Continuation of Partnership | 13 |
| 19 | Events Upon Dissolution of the Partnership | 14 |
| 20 | Transfer of Partner Interest and Substitution | 15 |
| 21 | Buy-Sell Transaction | 16 |
| 22 | Indemnification of General Partner | 18 |
| 23 | Withdrawal of a Partner | 18 |
| 24 | Other Ventures | 18 |
| 25 | Bank Accounts | 19 |
| 26 | Notices | 19 |
| 27 | Unenforceable Terms | 19 |
| 28 | Governing Law | 19 |
| 29 | Amendments to Agreement and to Certificate | 19 |
| 30 | Binding Effect | 20 |
| 31 | Entire Agreement | 20 |
| 32 | Counterparts | 20 |
| 33 | Pronouns | 20 |
| 34 | Caption Headings | 20 |

| 35 | Tax Elections | 20 |
| 36 | Negotiated Transaction | 21 |
| 37 | Further Assurances | 21 |
| 38 | Incorporation of Exhibits | 21 |

| General Partner Signature | 21 |
| Counterpart Signature Page (Limited Partners) | 22 |

## Exhibits

Names, Addresses, Capital Contributions and
Interests in the Partnership of the Partners ...................... "A"

Legal Description of the Property ........................ "B"

Partnership Meetings and Notices ........................ "C"

# AGREEMENT OF LIMITED PARTNERSHIP
## OF
## HAWTHORNE HANGAR OPERATIONS, L.P.,
A California Limited Partnership

This Agreement of Limited Partnership of Hawthorne Hangar Operations, L.P., a California limited partnership (the "Agreement"), is executed and made effective as of the Effective Date (as defined below), by and between Hawthorne Hangar Management, LLC, a California limited liability company ("HHM"), and those individuals and/or entities executing this Agreement in the capacity as Limited Partners.  HHM and the Limited Partners may also hereinafter be referred to individually as a "Partner" or a "party" and collectively as the "Partners" or the "parties".



1



2



3



4





6





8



9



10





12



13



14

20.    Transfer of Partner Interest and Substitution.

(a)    Restriction on Transfer.  Except as permitted below, a Partner may not sell, transfer, assign, hypothecate, encumber or subject to a security interest (a "Transfer") all or any portion of his, her or its Interest in the Partnership.  Any attempted disposition in violation of this Section 20 shall be void ab initio.

(b)    Permitted Transfers.  Provided that the Transfer is not a "prohibited Transfer" (as defined below), a "permitted" Transfer must be one of the following or be expressly approved in writing by (i) the General Partner and (ii) a Majority-in-Interest of the Voting Limited Partners, which approvals may be granted or withheld in the sole discretion of such Partners:

(1)    Transfer to a Partner.  A Partner may make a Transfer to another Partner;

(2)    Death of a Partner.  A Partner who is a natural person may make a Transfer by will or the laws of intestate succession;

(3)    Inter-Vivos Gifts.  A Partner may make a Transfer by gift to a trust for the benefit of such Partner and/or the Partner's spouse and/or descendants, provided that prior to any such Transfer the Partner shall have delivered to the General Partner a copy of the trust document and the terms and provisions of the trust shall have been approved by the General Partner; or

(4)    Transfer to Beneficiary.  A Partner that is (i) a trust or (ii) a retirement plan or account [including, but not limited to any qualified pension or profit sharing

plan, individual retirement account, 401(k) plan or other plan or account subject to ERISA or other federal or state retirement plan regulations or law] may make a Transfer to any beneficiary of such trust or retirement plan or account.

(c)     Prohibited Transfers.  For purposes hereof, a "prohibited Transfer" is any Transfer that the General Partner determines would do any of the following:

(1)     Jeopardize the status of the Partnership as a partnership for federal income tax purposes, result in the Partnership being treated as a "publicly traded partnership" under Section 7704 of the Code or cause more than 500 persons to be treated as partners in the Partnership under the Code;

(2)     Cause a termination of the Partnership under Section 708 of the Code, unless the General Partner determines that such termination would not have a material adverse effect on the Partnership and the Partners;

(3)     Violate any applicable law or governmental rule or regulation;

(4)     Require filing of a registration statement under the Securities Act of 1933, as amended;

(5)     Cause the Partnership to be an "investment company" within the meaning of the Investment Company Act of 1940; or

(6)     Cause any assets of the Partnership to be treated as "plan assets" under the Employee Retirement Income Security Act of 1974, as amended, or jeopardize any exemption from such treatment available to the Partnership under the Code of Federal Regulations, Part 29, Section 2510.3-101.

(d)     Substitution.  No permitted purchaser or other transferee of the whole or any portion of an Interest in the Partnership shall have the right to become a substituted Partner in place of his assignor, unless (i) his assignor shall designate such intention in the instrument of assignment; (ii) the written consent of the General Partner to such substitution shall be obtained; (iii) the assignment instruments shall be in form and substance satisfactory to the General Partner; (iv) the assignor and the assignee named therein shall execute and acknowledge such other instrument or instruments as the General Partner may deem necessary or desirable to effectuate such admission; (v) the assignee shall accept, adopt, approve and agree to be bound in writing by all of the provisions of this Agreement, as the same may have been amended; (vi) such assignee shall pay all reasonable expenses connected with such admission, including but not limited to the cost of preparing any amendment to this Agreement or to the Certificate to effectuate such admission; and (vii) in the case of a newly admitted or substituted General Partner, the provisions of Section 16 above have been satisfied.  An assignee of a Partner will be recognized by the Partnership as a substituted Partner upon the satisfaction of the foregoing conditions.



17





19



General Partner:              HAWTHORNE HANGAR MANAGEMENT, LLC,
                              a California limited liability company

                              By:    Wolfe Air Aviation, Ltd.,
                                     a California corporation as a General Manager

                                     By: _____
                                           Dan Wolfe, President

                              By:    Wedgewood Enterprise Corporation,
                                     a California corporation as a General Manager

                                     By: _____
                                           David Wehrly, Vice President

Limited Partners:             See attached Counterpart Signature Pages

Counterpart Signature Page of
**Hawthorne Hangar Operations, L.P.**

Executed and made effective as of the date first written above.

Limited Partner:

_____
Signature

Dan Wolfe -Trustee Wolfe Family Trust 1992
Printed Name

_____
Signature

David Wehrly
Printed Name

# EXHIBIT 5

## United States Bankruptcy Court
### Central District of California, Los Angeles Division

| | | |
|---|---|---|
| In re   Hawthorne Hangar Operations, L.P. | Case No. | |
| Debtor(s) | Chapter | 11 |

### LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Biron 2009 Trust<br>Linda Biron, Trustee<br>4316 Marina City Dr Unit 101<br>Marina del Rey, CA 90292-5832 | Limited Partner | 2.5 | |
| C. Anthony Phillips Trust<br>C. Anthony Phillips, Trustee<br>909 E Green St<br>Pasadena, CA 91106-2906 | Limited Partner | 6 | |
| Dan Wolfe<br>390 Patrician Way<br>Pasadena, CA 91105-1028 | Limited Partner | 29.5 | |
| E.A. Levi Family Trust<br>Alain Levi, Trustee<br>1724 Tangiers Dr<br>Henderson, NV 89012-7238 | Limited Partner | 2 | |
| Hawthorne Hangar Management, LLC<br>125 N Raymond Ave Unit 413<br>Pasadena, CA 91103-4537 | General Partner | 1 | |
| Star Helicopters, LLC<br>3670 W 120th St<br>Hawthorne, CA 90250-3245 | Limited Partner | 1 | |
| Stephen A. Forte<br>3410 Manhattan Ave<br>Manhattan Beach, CA 90266-3345 | Limited Partner | 4 | |
| Storm Bartling Trust<br>Storn Bartling, Trustee<br>909 E Green St<br>Pasadena, CA 91106-2906 | Limited Partner | 2 | |
| Top Gun, Ltd.,<br>4640 Admiralty Way Fl 5<br>Marina del Rey, CA 90292-6636 | Limited Partner | 4 | |
| Wolfe Family Trust<br>Dan Wolfe, Trustee<br>125 N Raymond Ave Unit 413<br>Pasadena, CA 91103-4537 | Limited Partner | 48 | |

Sheet 1 of 2 in List of Equity Security Holders
Software Copyright (c) 2023 CINGroup - www.cincompass.com

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**655 West Broadway, Suite 800, San Diego, CA 92101**

A true and correct copy of the foregoing document entitled: **TRUSTEE'S MOTION TO DISALLOW CLAIM NO. 6 OF ERNEST J. FRANCESCHI, JR.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF LOVEE SARENAS AND DAN WOLFE IN SUPPORT THEREOF; AND EXHIBITS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.     TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 24, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Richard T Baum     rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- **Samuel Mushegh Boyamian     samuel@marguliesfaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
- **Jess R Bressi     jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **Rosendo Gonzalez     rossgonzalez@gonzalezplc.com, rgonzalez@ecf.axosfs.com;jzavala@gonzalezplc.com;zig@gonzalezplc.com;gig@gonzalezplc.com
- **Mary E Gram     marygramlaw@gmail.com
- **D Edward Hays     ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Robbin L. Itkin     ritkin@sklarkirsh.com, mduran@sklarkirsh.com;KFRAZIER@SKLARKIRSH.COM
- **Ian Landsberg     ilandsberg@sklarkirsh.com, lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com;kfrazier@sklarkirsh.com;mduran@sklarkirsh.com
- **Tinho Mang     tmang@marshackhays.com, tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **Craig G Margulies     craig@marguliesfaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com;Drew@MarguliesFaithLaw.com
- **Ron Maroko     ron.maroko@usdoj.gov
- **Peter J Mastan (TR) pmastan@iq7technology.com;travis.terry@dinsmore.com;ecf.alert+Mastan@titlexi.com
- **David M Parker     dparker@ParkerRiggs.com, slawless@ParkerRiggs.com
- **Lovee D Sarenas     lovee.sarenas@dinsmore.com, wendy.yones@dinsmore.com
- **James R Selth     jselth@yahoo.com, jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- **Jonathan Serrano     Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesf

aithlaw.com
- **Evan L Smith    els@elsmithlaw.com**
- **Keven Steinberg    keven@kevensteinberglaw.com**
- **Matthew J Stockl    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com**
- **Derrick Talerico    dtalerico@wztslaw.com,**
  **maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Stephen R Wade    srw@srwadelaw.com, reception@srwadelaw.com**

☐ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**: On (*date*) January 24, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Ernest J. Franceschi, Jr.**
**100 Wilshire Blvd., Suite 700**
**Santa Monica, CA 90401**

**Honorable Barry Russell**
**United States Bankruptcy Court**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1660 / Courtroom 1668**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 24, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Ernest J. Franceschi, Jr. – ejf@franceschilaw.com**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/24/25 | Wendy A. Yones | /s/ Wendy A. Yones |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |