STEPHEN J. SHUMLAS – CSB No. 317448
GREENBAUM LAW GROUP, LLP
160 Newport Center Drive, Suite 110
Newport Beach, CA 92660
Tel:  (949) 760-1400
Tel:  (949) 760-1300

Attorneys for Creditor
MESSINA & HANKIN LLP

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.:  2:23-bk-11789-BR |
| | Chapter 7 |
| HAWTHORNE HANGAR OPERATIONS, LP, | |
| Debtor. | CREDITOR MESSINA & HANKIN LLP'S OJBECTION TO TRUSTEE'S FINAL REPORT |
| | Date:          October 21, 2025 |
| | Time:          10:00AM |
| | Courtroom:  1668 |

Pursuant to Local Bankruptcy Rule 9013-1(f), Creditor Messina & Hankin LLP (hereinafter "MH") hereby objects to the Summary of Trustee's Final Report and Notice thereof filed in Case No. 2:23-bk-11789-BR.  In support of its objection, MH alleges and states as follows:

I.      MESSINA & HANKIN LLP and HAWTHORNE HANGAR OPERATIONS

From approximately July 2019 through approximately 2020, Hawthorne Hanar Operations LP (hereinafter "HHO") retained MH as their counsel in various matters.  MH's representation of HHO was governed by a written retainer agreement, which is not attached hereto for attorney/client privilege and confidentiality reasons.

II.     MESSINA & HANKIN LLP'S CLAIM

MH is a creditor of HHO by way of unpaid legal fees.  MH timely filed its claim on August 10, 2023 and amended its claim on August 11, 2023 (the "Amended Claim").  See

1

1   *Declaration of Stephen J. Shumlas*, paragraph 3.  MH's Amended claim is accurately identified

2   as Claim No. 13-2 in the electronic "Claims Register" of the HHO Bankruptcy proceeding,

3   which is accessible via this Court's ECF/PACER database.  *Id.*, paragraph 4.  MH filed its claim

4   as a secured creditor of HHO based on its written retainer agreement with HHO, whereby HHO

5   granted to MH an attorney's fee lien on "*any recovery [HHO] may obtain, whether by*

6   *arbitration award, judgment, settlement or otherwise.*"  *Id.*, paragraph 5.

7        Here, it must be noted that MH provided the entirety of the supporting documents to its

8   Amended Claim to the Trustee's Counsel, upon request, on February 15, 2024.  *Id.*, paragraph 6.

9   These supporting documents included fifty-two (52) pages of invoices issued from MH to HHO,

10   a spreadsheet summarizing the total balance of the invoices, and a copy of the signed fee

11   agreement between MH and HHO, which served as the basis for MH's secured claim. *Id*.

12   III.     <u>MESSINA & HANKIN LLP'S CLAIM IS PRIMA FACIE EVIDENCE OF ITS</u>

13           <u>VALIDITY; WAS NEVER OBECTED TO BY THE TRUSTEE; AND MUST BE</u>

14           <u>ALLOWED</u>

15        A proof of claim that is filed in accordance with the Bankruptcy Rules is considered

16   prima facie evidence of the claim's validity and amount.  Under 11 U.S.C. § 502(a), a filed proof

17   of claim is "deemed allowed" by the court unless a party in interest objects.

18        FRBP § 3007 governs the process for objecting to a claim and outlines the required

19   procedure for such objection.  Pursuant to FRBP § 3007(a)(1), an objection to a claim and a

20   notice of the objection must be filed and served at least 30 days before a scheduled hearing on

21   the objection or any deadline for the claim holder to request a hearing.

22        A review of the docket in this bankruptcy proceeding confirms that the Trustee never

23   filed an objection to MH's Amended Claim.  See *Case No. 2:23-bk-11789-BR*.  Neither MH or

24   its counsel was served with an objection from the Trustee or Trustee's counsel regarding MH's

25   Amended Claim.  *Declaration of Stephen J. Shumlas*, paragraph 7. Thus, pursuant to 11 U.S.C. §

26   502(a), MH's Amended Claim must be deemed as allowed.

27        Alternatively, if the Trustee were to determine that MH's claim is undersecured, then

28   such claim must be treated as unsecured to the extent it is undersecured.  11 U.S.C. § 506(a)(1)

  specifies that a secured creditor is entitled to secured status only to the extent of actual collateral

CREDITOR MESSINA & HANKIN LLP'S OJBECTION TO TRUSTEE'S FINAL REPORT

1  value and then has an unsecured claim to the extent that the creditor's claim exceeds the value of

2  the collateral. Thus, the under-secured creditor has two claims: (1) secured to the extent of

3  collateral value and (2) unsecured for any deficiency.  Here, rather than treat the undersecured

4  portion of MH's Amended Claim as unsecured, the Trustee proposes to disallow MH's Amended

5  Claim in its entirety by listing the allowed amount of MH's Amended Claim as $0.00.  See

6  *Summary of Trustee's Final Report*, page 1.

7  IV.    THE TRUSTEE'S FINAL REPORT PROPOSES TO DISALLOW THE

8         ENTIRETY OF MESSINA & HANKIN'S CLAIM IN VIOLATION OF 11 U.S.C.

9         §§ 502 AND 506

10  In its proposed Final Report, the Trustee acknowledges MH's Amended Claim as an

11  asserted secured claim in the amount of $424,462.99.  However, without having filed any

12  objection to such Amended Claim, the Trustee proposes an "Allowed Amount of Claim" of

13  $0.00 for MH's Amended Claim.

14  The Trustee's proposed "Allowed Amount of Claim" of $0.00 completely disregards the

15  following indisputable facts regarding MH's Amended Claim:

16  1)  It was timely filed; and

17  2)  The Trustee never objected to it; and

18  3)  It is "deemed allowed" pursuant to 11 U.S.C. § 502(a).

19  Despite these facts, the Trustee now proposes a Final Report that proposes treatment of

20  MH's Amended Claim that is completely opposite of rules set forth in both Code 11 U.S.C. §

21  502(a) (i.e., a claim is "deemed allowed" unless a party in interest objects thereto) and 11 U.S.C.

22  § 506.

23  The facts of this matter requiring MH's Amended Claim to be deemed allowed,.

24  However, the Trustee's Final Report proposes an allowed amount of $0.00 for MH's Amended

25  Claim, clearly in opposition to 11 U.S.C. § 502(a).  Further, to the extent that the MH Amended

26  Claim is not adequately secured by the bankruptcy estate, 11 U.S.C. § 506 clearly and plainly

27  requires that MH's Amended Claim be treated as an unsecured claim for the undersecured

28  amount, which in this case would be the entirety of MH's Amended Claim according to the

CREDITOR MESSINA & HANKIN LLP'S OJBECTION TO TRUSTEE'S FINAL REPORT

1   Trustee's proposed Final Report.  Contrary to 11 U.S.C. § 506, MH's Amended Claim is entirely

2   omitted from the Trustee's proposed Final Report.

3      V. CONCLUSION

4        Based on the foregoing, Creditor Messina & Hankin LLP respectfully requests this Court

5   to deny confirmation of the Trustee's proposed Final Report and order the Trustee to amend and

6   reissue its proposed Final Report such that Messina & Hankin LLP's claim is properly

7   administered as required by 11 U.S.C. §§ 502 and 506.

8

9                                      Respectfully submitted,

10  Dated:  October 7, 2025            GREENBAUM LAW GROUP, LLP

11

12                                     By: _____/s/ Stephen J. Shumlas_____
                                           STEPHEN J. SHUMLAS
13                                         Attorneys for Plaintiff
                                           MESSINA & HANKIN LLP
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CREDITOR MESSINA & HANKIN LLP'S OJBECTION TO TRUSTEE'S FINAL REPORT

PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is GREENBAUM LAW GROUP, LLP, 160 Newport Center Drive, Suite 110, Newport Beach, California 92660.

On October 7, 2025, I served the within document described as:

CREDITOR MESSINA & HANKIN LLP'S OJBECTION TO TRUSTEE'S FINAL REPORT

☐    BY FAX SERVICE: by transmitting the document listed above via facsimile from sending facsimile machine number to the fax number(s) set forth below on this date before 5:00 p.m. and receiving confirmed transmission reports indicating that the document(s) were successfully transmitted.

☒    By placing a true copy of the document listed above enclosed in a sealed envelope addressed as follows:

> Peter J. Mastan, Trustee
> 550 S. Hope Street, Suite 2800
> Los Angeles, CA 90071
>
> Lovee D. Sarenas
> Dinsmore & Shohl LLP
> 550 South Hope Street, Suite 2800
> Los Angeles, CA 90071

☒    BY FIRST CLASS MAIL: I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under practice, said correspondence is deposited with the United States postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.
I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    BY PERSONAL SERVICE: I delivered such envelope by hand to counsel listed on the attached personal service list.

☐    (State): I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    (Federal): I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on October 7, 2025, at Newport Beach, California.

_____
/s/ E. Parker
E. Parker

5

CREDITOR MESSINA & HANKIN LLP'S OJBECTION TO TRUSTEE'S FINAL REPORT